Crowell and Crowell v. Galloway.

C. C. CROWELL AND Z. A. CROWELL, PLAINTIFFS IN ERROR, v. WILLIAM C. GALLOWAY, DEFENDANT IN ERROR.

Practice: RETURN DAY OF SUMMONS. No discretion is vested in the district court or the clerk thereof, in respect to the return day of a summons. The statute requires that a summons shall be returnable on the second Monday after its date, and if one be issued returnable at any other time, the court acquires no jurisdiction over the defendant.

————: ENDORSEMENT UPON SUMMONS OF AMOUNT CLAIMED. The mere failure of the clerk to endorse the amount of plaintiff's demand on a summons, is of no consequence, *unless the defendant fails to appear;* in which case judgment shall not be rendered for a larger amount and costs.

————: APPEARANCE. If a defendant intend to rely on the want of personal jurisdiction, as a defense to a judgment entered against him, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court; if he appear for any other purpose, such appearance is general and a waiver of all defects in the original process, and an acknowledgement of the complete jurisdiction of the court in the action.

THIS was an action brought by defendant in error against the plaintiffs in error in the district court of Cuming county to recover the sum of $235.80 damages, alleged to have been sustained by failure of plaintiffs in error to comply with a certain contract entered into by them and defendant in error, in relation to the purchase of a crop of wheat belonging to the defendant in error.

A summons was issued against plaintiffs in error, directed to the sheriff of Cuming county, who returned the same duly served upon Z. A. Crowell.

A summons was also issued, directed to the sheriff of Washington county, who returned the same duly served upon C. C. Crowell.

Both writs were made returnable on the *first* Monday after their date.

The Crowells appeared specially and moved to quash the writs, which motion was overruled by the court. The cause was then tried to the court, and judgment rendered against the Crowells for the sum of $221 damages, and

$12.98 costs. They then filed a motion to set aside said judgment, but no action was taken by the court below upon the motion. To review these proceedings the cause was brought into this court by the Crowells upon petition in error.

Seth Robinson, for plaintiffs in error, argued the case upon a brief filed by Savage & Manderson (with whom was also R. F. Stevenson).

I. It is unnecessary to argue the defects in the summonses by which this action was commenced in the court below. Pointed out briefly they are as follows:

1. There are two summonses in the same action, the venue of one of which is in Washington county, and the other is without a venue.

2. They are both returnable on the first Monday after their issuance, (the 14th of October) when one should have been made returnable on the 21st, and the other on the 28th of October, or the 4th of November, at the plaintiff's option.

3. The answer day should have been the 11th, the 18th or the 25th of November, instead of the 4th.

4. There is no endorsement on either of said summonses of the amount claimed.

II. These are matters affecting the jurisdiction of the court, and not cured by a special appearance for the purpose of objecting to such defects. *Malcom v. Rogers*, 1 *Cow.*, 1. *Porter v. C. & N. R. Co.*, 1 *Neb.*, 14. *Hodges v. Brett*, 4 *G. Greene*, 345. *Milbourn v. Fouts, Id.*, 346. *Allen v. Lee*, 6 *Wis.*, 478. *Schell v. Leland*, 45 *Mo.*, 293.

III. Even were the special appearance a waiver of all defects in the summonses, the eleventh of November, 1872, was the earliest day at which plaintiffs in error

could be required to answer. They had at least a right to that time, and a judgment taken prior to that day is irregular and void.

*W. A. Marlow,* for defendant in error, submitted the cause upon a brief prepared and filed by *J. C. Crawford.*

The motion made by the plaintiffs in error to set aside the judgment in the court below, was an appearance in the case, and a waiver of all irregularities in the summons. *Dix v. Palmer,* 5 *How. Pr.,* 233. *Sprague v. Irwin,* 27 *How. Pr.,* 51. *Webb v. Mott,* 6 *How. Pr.,* 439. *Porter v. Chic. & N. W. R. R. Co.,* 1 *Neb.,* 14. *Walker v. Bank of Circleville,* 15 *Ohio,* 288. *Harrington v. Heath,* 15 *Ohio,* 483. *Bisher v. Richards,* 9 *Ohio State,* 495. *Marsden v. Soper,* 11 *Ohio State,* 503. *Fee v. The Big Sandy Iron Company,* 13 *Ohio State,* 563.

We claim that the summons was sufficient to require the defendants in the court below to answer, and that the errors complained of did not affect a substantial right of the plaintiff here. The summons gave them until the third Monday after the return day in which to answer, which is all they were entitled to under the law. *Orr v. Seaton,* 1 *Neb. Rep.,* 105. It could make no difference to plaintiffs in error whether the summons was made returnable one or two days sooner or later, as the time between the issuing and serving thereof belongs to the sheriff, and it is simply directory to the sheriff to return the summons on or before a certain day, and if three weeks intervene between the return day and the answer day, then we claim that the rights of the adverse party was not prejudiced thereby, and they could take no exceptions to the manner in which they were brought into court.

" A court in every stage of its proceedings, must disregard any error or defect which does not affect the substantial

rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." *General Statutes, Sec.* 145, 546.    *Worrall v. Parmalee,* 1 *New York,* 519.    *Weiser v. Denison,* 10 *New York,* 68. *Scovern v. The State,* 6 *Ohio State,* 294. *Hollister & Smith v. Reznor,* 9 *Ohio State,* 1.    *The Ohio Life Insurance and Trust Company v. Goodin,* 10 *Ohio State,* 557.    *Courtright v. Staggers,* 15 *Ohio State,* 511.

LAKE, CH. J.

It is urged as ground for the reversal of this judgment that the court below had acquired no jurisdiction over the defendants, who are plaintiffs in error here.

The record shows that the return day of the summons was the *first* Monday after its date, instead of the second Monday, as is provided in section 66, of the civil code; and the answer day was fixed for the third Monday thereafter.    The defendants appeared specially by a motion to quash the writ for these reasons, but the court overruled the motion, to which exception was duly taken, and thereupon a judgment by default was rendered for the amount of the plaintiff's demand.

The section of the statute, before referred to, provides, that "whenever the time for bringing parties into court is not fixed by statute, the summons shall be returnable on the second Monday after its date," etc.    It is by virtue of this section that the court ordinarily acquires jurisdiction of the defendant in an action, and being mandatory should be strictly followed.    No discretion is vested in either the clerk or the court in respect to the return or answer days, and if the plain requirements of the statute be disregarded, it is the right of a defendant to object, and thus challenge the jurisdiction of the court over him. If he do so, the writ should be quashed, and resort be had to an *alias* summons to bring him in.

For these reasons we are of the opinion that in overruling the special motion to quash the writ there is error, which but for the subsequent voluntary appearance of the defendants, would call for a reversal of the judgment.

After the judgment by default had been rendered against them the defendants filed a motion for its vacation in these words.

" Now come the said defendants by their attorneys, Stevenson and Savage, appearing for this purpose only, and move the court to set aside and vacate the judgment heretofore rendered, and entered in this action, for the sum of $221 and costs, for the reason that no amount is endorsed on the writ, for which judgment will be taken if the defendants fail to answer; and for the further reason that said summons is not made and issued in conformity to law."

The record fails to show that any action was ever taken on this motion, and for aught we know it is still pending and undetermined in the district court.

The failure of the clerk, however, to endorse the amount of the plaintiff's demand on the summons, where all the other requirements of the statute in respect to it are observed, is of no consequence, unless the defendant fail to appear.    This provision is for the benefit of those defendants, who, knowing they are indebted to plaintiff, do not choose to appear and look after the case.    The language is, " if the defendant fail to appear judgment shall not be rendered against him for a larger amount and costs," leaving the inference, that in case he do appear one may be rendered against him for a sum in excess of that given in the endorsement.    This I apprehend is the true construction of this section.

By the last clause of this motion it is further objected " that the summons was not made and issued in conformity to law."    It was urged upon the hearing that this referred especially to those defects before pointed out in

the motion to quash the writ. I think, however, that it is altogether too indefinite and uncertain to be of any avail; that it really adds nothing to what has been already stated as ground for setting aside the judgment.

It is required in a motion of this kind, that the defects relied on as ground for relief shall be distinctly pointed out, and upon the hearing none other will be considered. This leads to the conclusion that the sole objection to the judgment was the failure of the clerk to make said endorsement; and that the defects, as to the return and answer days, were thereby waived, and the jurisdiction of the court fully acknowledged.

It is a general, and we think a wholesome rule of practice, that if a defendant intend to rely upon the want of personal jurisdiction as a defense to a judgment, he must either make no appearance, or if at all, for the single purpose of questioning the right of the court to proceed; and if he do more than this, and appear for any other purpose at any stage of the proceedings, he shall be held thereby to have waived all defects in the original process, and to have given the court complete jurisdiction over him for all the purposes of the action.

In this case, it is true, the defendants in the court below endeavored to limit their appearance to the one single object sought by their motion to vacate the judgment, and to this end declared their appearance to be special; but inasmuch as the question raised was not jurisdictional, but one which necessarily recognized the existence of a judgment that was valid and effective until set aside, and against which they sought the aid of the court that rendered it, we must hold it to amount to a waiver of all irregularities and defects in the summons bearing upon the question of jurisdiction, and also to be in effect a general appearance in the case. *Marsden v. Soper*, 11 *Ohio State*, 503.

After the filing of this motion, the proper course was

to have taken the ruling of the court thereon, which, if deemed erroneous, could have been reviewed here by proceedings in error; but having failed to do so the judgment cannot now be disturbed, and must be affirmed.

JUDGMENT AFFIRMED.

The other justices concur.