MARY M. WARREN AND CHARLES WARREN, PLAINTIFFS IN ERROR, V. JAMES A. DICK, DEFENDANT IN ERROR.

1. **Attachment**: SERVICE BY PUBLICATION: SALE: DEFENDANT OPENING JUDGMENT. Where an attachment proceeding is instituted against a non-resident by filing a proper affidavit causing an order of attachment to be issued and levied upon his property, and service is had by publication, a judgment being rendered and the attached property sold to a good faith purchaser, the appearance by the defendant within five years, filing an answer to the merits, and procuring the judgment to be opened under the provisions of section 82 of the civil code, is a general appearance and waives all irregularities and defects in the service by publication, and gives the court jurisdiction over the whole case, if it did not before exist, and no question can afterwards be raised as to the jurisdiction of the court over the person of the defendant.

2. **Attachment**: SERVICE BY PUBLICATION HELD GOOD. Notice of the pendency of the action examined and held to be a compliance with the requirements of the statute authorizing service by publication.

16

3.  **Judicial Sale : RIGHTS OF PURCHASER.**   A purchaser, in good
     faith, of real estate sold under an order of sale issued in such
     attachment proceedings will be held to have acquired the title
     of the judgment debtor even though the judgment may be opened
     and the defendant permitted to make his defense under the pro-
     visions of section 82 of the civil code.

ERROR to the district court for Cass county.   Tried be-
low before POUND, J.

*Sam. M. Chapman* and *James S. Matthews,* for plaintiffs
in error.

*M. A. Hartigan,* for defendant in error.

REESE, J.

This was an action in ejectment instituted in the court
below for the possession of lot number twelve, in block
number eighteen, in the city of Plattsmouth.   The trial in
the district court resulted in a judgment in favor of the
plaintiff in the action—defendant in error here—and the
defendant in the court below alleges error and brings the
cause into this court for review.

The title of the defendant in error is unquestioned, un-
less he has been divested of that title by certain attach-
ment proceedings against him in the district court of Cass
county, in 1877–8.   The plaintiffs in error allege title as
grantees of the purchaser at sheriff's sale under the order
of sale in attachment.

In August, 1877, John Black commenced proceedings in
attachment against the defendant in error in the district
court of Cass county.   The property in question in this
action was levied upon and the defendant in error was no-
tified by publication.   Judgment was had, an order of sale
issued, and the property sold to C. H. Parmele by the
sheriff at public sale.   The sale was made on the 24th day
of December, 1877.   On the 3d day of January, 1878, the

sale was confirmed, and a deed ordered. The deed was executed by the sheriff on the 4th day of April of the same year. It appears that Parmele, soon after receiving his deed, went into possession of the property and retained the possession until the 24th day of May, 1882, when he sold and conveyed it to plaintiffs in error. During this time he paid the taxes and made certain improvements, besides paying taxes for previous years. Upon the purchase of the property by plaintiffs in error they took possession, and have retained possession until the present time, relying in this action upon the title from Parmele. In September, 1882, defendant in error appeared in the attachment suit, filed his answer to the merits, and on his motion the judgment was opened, under the provisions of section 82 of the civil code, that he might make his defense to the action. It seems to be conceded by the parties that no further defense was made to that action, and that judgment was again entered in favor of the plaintiff, Black. But there is nothing in the record before us showing the final disposition of the case.

The contention in this case on the part of plaintiffs in error is, that their title to the property in dispute is unassailable under the provisions of section eighty-two of the code without reference to the final disposition of that case, as by that section it is provided that "the title to any property, the subject of the judgment sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section." It is also insisted that if there were any such irregularities in the attachment proceedings as would avoid the sale to Parmele, the general appearance and answering to the merits by defendant in error was a waiver of all questions of jurisdiction and cured any such defects, if they existed, prior to the filing of such answer.

It is contended by defendant in error that the attach-

ment proceedings were void, and that Parmele took no title by his sheriff's deed, and that his after appearance could give no life or vitality to the void proceedings had before that time.

The only objection to the attachment proceedings is that the notice which was published contained no description of the attached property, and therefore the court never acquired any jurisdiction in the case. The notice referred to is as follows:

" In the Cass county district court of the second judicial district of Nebraska.

" John Black, plaintiff, vs. James H. Dick and Margaret A. Dick, defendants.

" To the defendants, James H. Dick and Margaret A. Dick, above named, non-resident defendants :

" You and each of you will take notice that John Black, of the county of Cass, and state of Nebraska, did, on the 3d day of August, 1877, file his petition in the Cass county district court, within and for the county of Cass, in said state of Nebraska, against the said James H. Dick and Margaret A. Dick, defendants, setting forth that the said James H. Dick did, on the 13th day of Nov., 1876, give to the said John Black his, the said James H. Dick's, promissory note for the sum of forty dollars, with interest at 12 per cent per annum, interest payable semi-annually, which time has long since passed, and yet he has not paid said sum, nor any part thereof, but the same remains due and wholly unpaid, and in order to collect the same said John Black has commenced a suit in attachment.

" You are hereby notified to appear and answer said petition September 17th, 1877, according to law and the rules of said court, or judgment will be entered against you by default, and your property sold to satisfy the same."

(Signed, &c.)

The cases of *Wescott v. Archer*, 12 Neb., 345, and *Grebe v. Jones*, 15 Neb., 312, are cited in support of the position or

defendant in error, that the notice was fatally defective, and that the district court did not err in holding the proceedings void for want of jurisdiction. In the former case it was held that the notice must contain a description of the attached property. But this was overruled in the latter, and the notice which recited that an attachment had been issued and levied upon the defendant's property in this state was held good. In the case at bar the defendants were informed by the published notice that the plaintiff "has commenced a suit in attachment," and that unless they appeared and answered the petition a judgment would be entered against them by default, and their property sold to satisfy the same. This was a sufficient compliance with the requirements of the statute, which requires that the notice "must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served when they are required to answer."

But, assuming that no jurisdiction had been acquired *by the notice*, did the appearance of the defendant in error waive the objection and give the court jurisdiction over the whole case? We think it did. It is true that at the time defendant in error moved the court to open the judgment and allow him to make his defense he alleged as part of the grounds or reasons upon which his motion was based the defects in the proceedings, that the judgment was void, and that the court had acquired no jurisdiction. But it must not be forgotten that the section (82) by which the right to open a judgment is given is available only in cases where service has been *had* by publication. It was not intended by the legislature that this section should furnish a means of attacking the jurisdiction of courts. Other methods are provided for that purpose. The jurisdiction of the court must in reality be confessed by the very act of filing an answer to the merits. While the code seeks to preserve all the rights of parties to an action, yet it can

only do so upon a consistent course. The jurisdiction of the court is confessed by filing an answer to the merits. In *Cromwell v. Galloway*, 3 Neb., 220, which was an application to set aside a judgment on the ground of defective service, Chief Justice Lake, in delivering the opinion of the court, says: "It is a general, and we think a wholesome, rule of practice, that if a defendant intends to rely upon the want of personal jurisdiction as a defense to a judgment, he must either make no appearance, or, if at all, for the single purpose of questioning the right of the court to proceed; and if he do more than this, and appear for any other purpose at any stage of the proceedings, he shall be held thereby to have waived all defects in the original process, and to have given the court complete jurisdiction over him for all the purposes of the action. * * * * Inasmuch as the question raised was not jurisdictional, but one which necessarily recognized the existence of a judgment that was valid and effective until set aside, and against which they sought the aid of the court that rendered it, we must hold it to amount to a waiver of all irregularities and defects in the summons bearing upon the question of jurisdiction and also to be a general appearance of the case." Citing *Marsden v. Soper*, 11 Ohio State, 503. See also *Kane v. The People*, 4 Neb., 512; *Fee v. Big Sand Iron Co.*, 13 O. S., 563; *Cohen v. Trowbridge*, 6 Kan., 385; 2 Howard's Prac., 241; 6 Id., 441; 7 O. S., 233.

Since the proceedings in the attachment case were not void, it follows that the purchaser at the execution sale is protected in his title under the provisions of section 82 quoted above, and that his title cannot be disturbed, there being no suggestion that he was otherwise than "a purchaser in good faith."

The defendant in error having been divested of his title by the sheriff's deed to Parmele, the court erred in finding

in his favor, and its judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.