EMMA L. VAN ETTEN v. HENRY A. KOSTERS.

[FILED JANUARY 27, 1891.]

1. **Review:** EVIDENCE: MUST BE PRESERVED IN BILL OF EX-
   CEPTIONS. Where affidavits or other evidence are used on the
   hearing of a motion for a change of venue in the district court,
   such evidence must be preserved in a bill of exceptions to be
   available in the supreme court.

2. **Mechanics' Liens:** ASSIGNMENT: RES ADJUDICATA. Where
   certain lien-holders had assigned their liens to one H., who
   brought an action thereon in his own name and obtained judg-
   ment, which judgment was afterwards reversed in the supreme
   court and the cause remanded for further proceedings, whereupon
   one of the lien-holders brought an action on his own account
   in his own name, *held*, that the judgment of the supreme
   court was not a bar to the action.

3. **Review.** The evidence upon the material points being conflict-
   ing and nearly equally balanced, the judgment is affirmed.

ERROR to the district court for Douglas county.   Tried
below before HOPEWELL, J.

*D. Van Etten*, for plaintiff in error.

*Francis A. Brogan, contra.*

MAXWELL, J.

This action was brought in the district court of Doug-
las county by the defendant in error against the plaintiff
in error, the cause of action being set forth in the petition
as follows:   "The plaintiff complains of the defendant for
that at the time stated in the following account he fur-
nished the defendant with the following materials and
labor:

"*Emma L. Van Etten to Henry A. Kosters, Dr.*
1—14/32          2—14/31

| | | |
|---|---:|---:|
| March 22, 1884, to reglazing two lights of glass | $2 | 75 |
| April 24, 1884, to seventy yards oak graining at 45c | 28 | 00 |
| April 24, 1884, to 105 yds. walnut graining at 45c | 47 | 25 |
| April 26, 1884, to numbering transoms | 2 | 50 |
| April 26, 1884, to painting house as per contract | 126 | 50 |
| April 30, 1884, to kalsomining | 6 | 00 |
| | $213 | 00 |

"Which materials and labor expended were furnished the said defendant at her request, through the agent, David Van Etten. The prices affixed to the respective items in said account are the reasonable prices and value thereof, and said goods are of the aggregate of $213, no part of which has been paid. There is now due from the defendant to the plaintiff thereon the sum of $213, together with interest thereon at seven per cent per annum from May 1, 1884, for which, with costs of this action, the plaintiff prays judgment."

The original copy of the petition filed in this court showed the fourth item to be but $25.50. The defendant in error, however, suggested diminution of the record, and a certified copy of the petition was thereupon sent by the clerk of the district court and filed in this case, containing the items as above. To this petition Mrs. Van Etten filed an answer in which she alleges "that on the 7th day of August, A. D. 1884, an action was commenced in the district court of Douglas county against the defendant for the foreclosure of certain mechanics' liens, by one George A. Hoagland, among which liens, for the foreclosure of which the said action by George A. Hoagland against the defendant herein was brought, was the same claim as is set

forth in the plaintiff's petition, and for and upon which this action is brought, said claim having been previous to the commencement of the said action by Hoagland against defendant as aforesaid by the plaintiff herein assigned to the said Hoagland, and as such assignee of the plaintiff herein and others said first named action was brought, prosecuted, and is yet undecided and is pending. The plaintiff below in his reply denies that Hoagland was the owner of the claim.

On the trial of the cause the court found that the defendant below was indebted to the plaintiff below in the sum of $286.30 and rendered judgment accordingly.

A number of errors are assigned in this court.

First—That the court erred in not changing the venue on the application of Mrs. Van Etten. This question cannot be considered because the evidence upon which the motion was based is not certified in a bill of exceptions. This is necessary in all cases where it is sought to review a motion for a change of venue based upon affidavits or other evidence. In no other way has this court any assurance that the evidence presented to it is the same as that presented to the trial court. We cannot review this question, therefore.

Second—It is objected that George A. Hoagland is the assignee of this claim and that therefore the defendant in error cannot maintain the action.

. The testimony tends to show that the defendant in error, together with Hoagland and other persons, had performed labor and furnished material for the erection of a dwelling house for the plaintiff in error; that the several claimants for work and labor, etc., on said building had assigned the same to Hoagland, who brought an action in the district court to foreclose his and their liens.

The plaintiff in error, however, contested the right of Hoagland to maintain the action upon other claims than his own. The judgment of the district court was reversed

in this court and afterwards the judgment modified to permit Hoagland to assume the whole interest in the claims and proceed with the action. Upon the reversal of the case, however, the defendant in error brought an action in his own name upon his account, and this is the case which is before us for review. The judgment in the case of *Hoagland v. Van Etten* was no bar to this action, and hence did not defeat the plaintiff's right.

Third—There is a direct conflict in the testimony upon a number of material points, the principal one being that the contract of the defendant in error was made with one Hayden, who had contracted to erect the building in controversy. Upon this point the plaintiff in error and her husband both testified that the contract was made with Hayden, while the defendant in error and Hayden both testify that the contract was not so made. The defendant in error also testifies that the contract was made directly with David Van Etten as agent for his wife, and this testimony is corroborated to such an extent that the trial court was justified in finding, as it must have done, that this fact was established.

There is also a conflict as to certain portions of the work, but it is impossible to say that the finding of the trial court was wrong. The work seems to have been faithfully performed to the satisfaction of all parties and the charges do not appear to have been excessive. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.