CYRIL A. LEAKE ET AL. V. J. J. GALLOGLY.

[FILED JUNE 11, 1892.]

1. **Justice of the Peace: SUMMONS: TIME OF SERVICE.** A summons issued by a justice's court must be served at least three days before the time set for trial.

2. **Appearance: MOTION TO SET ASIDE JUDGMENT IS.** The filing of a motion by a defendant to set aside a judgment, under section 1001 of the Civil Code, is a general appearance, and waives all objection to jurisdiction over his person.

3. **Justice of the Peace: SETTING ASIDE JUDGMENT.** A justice of the peace has no authority to set aside a judgment under said section, where the defendant has neither paid the costs nor confessed judgment therefor.

ERROR to the district court for Merrick county. Tried below before POST, J.

*R. C. Glanville,* for plaintiffs in error, cited: *Cobbey v. Wright,* 23 Neb., 255; *Tootle, Hosea & Co. v. Jones,* 19 Id., 588; *Fox v. Meacham,* 6 Id., 535.

*J. W. Sparks, contra,* cited: *Degering v. Flick,* 14 Neb., 449; *Strine v. Kaufman,* 12 Id., 423; *Tootle, Hosea & Co. v. Jones,* 19 Id., 589.

NORVAL, J.

This action was commenced before H. B. Hatch, a justice of the peace of Merrick county, by J. J. Gallogly against plaintiffs in error, to recover the sum of $133.90. Judgment was rendered against the defendants below in their absence. Two days later they filed a motion with the justice, under the provisions of section 1001 of the Code of Civil Procedure, to set the judgment aside, upon the ground that the same was rendered in their absence, which application was overruled; thereupon the defendants prosecuted a petition in error to the district court, where the judgment was affirmed.

It is first contended the justice court acquired no jurisdiction over the persons of the defendants, therefore the judgment was erroneous and should have been reversed by the district court. The transcript of the justice docket does not disclose that any summons was served upon the defendant J. H. Leake, while it appears from the returns of the constable on the summons that the writ was served upon Cyril A. Leake on the day of the entry of the judgment, "by his accepting service to appear at 2 o'clock of said day." J. H. Leake not being summoned and not having appeared in the action prior to the rendition of the judgment, it is obvious the justice acquired no jurisdiction over him. The other defendant was not legally served with process, for the reason, among others, that it was made on the day judgment was entered. A summons in a civil action in a justice court, under section 911 of the Civil Code, must be served at least three days before the time set for trial. The defendants, by appearing before the justice and moving to set aside their defaults, submitted themselves

to the jurisdiction of the court, and waived all objections to jurisdiction over their persons. (*Crowell v. Galloway*, 3 Neb., 215; *Warren v. Dick*, 17 Id., 241; *Tootle v. Jones*, 19 Id., 589.)

The remaining question to be considered is, Did the justice err in refusing to set the judgment aside? The application was made under section 1001 of the Code, which reads as follows:

"Sec. 1001. When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions : First—That his motion be made within ten days after such judgment was entered. Second—That he pay or confess judgment for the costs awarded against him. Third—That he notify, in writing, the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment, and of the time and place of trial, at least five days before the time if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial."

The record fails to show that plaintiffs in error have complied with the second condition of the section, by either paying the costs, or offering to confess judgment therefor. This requirement of the statute is mandatory, and unless it is complied with by the party seeking to have the judgment rendered against him in his absence opened up, the justice has no authority to set the default aside.

The justice based his refusal to act upon the ground that the judgment was not rendered by default, claiming the defendants had appeared in the cause on the day set for trial. The transcript of the judgment discloses no appearance of the defendants. The fact that the justice placed his decision upon an untenable ground is quite immaterial, so long as it appears that a valid reason did exist for refusing the application. Suppose the motion had not been made within the time prescribed by the above section, and

the defendants had brought themselves within all the other of its provisions, would the district court have been justified in reversing the judgment simply because the justice denied the motion on a ground other than that the application was not made in time? To state the proposition is to evoke a negative answer. The reason is, the justice would be without power to act. The case before us is controlled by the same principle. It is no answer to say that the record does not state that the defendants have not paid the costs awarded against them, or confessed judgment therefor. It cannot be presumed that they have done either. Error must affirmatively appear, as all presumptions are in favor of the correctness of the ruling of the justice. Our conclusion is that the lower court did not err in affirming the decision of the justice court. The judgment of the district court is

AFFIRMED.

MAXWELL, CH. J., dissenting.

I am unable to concur in the conclusion reached by Judge Norval and will state the reasons therefor. The amount in controversy is not large, but the principle involved is quite important. The transcript from the justice's docket is as follows:

"On April 25, G. G. Gallogly filed a bill of particulars, marked 'A,' to the amount of $141.90; also filed affidavit, marked 'B,' praying for order of attachment; also filed affidavit for garnishee, marked 'C,' and attachment bond by plaintiff, signed by A. B. Cady and Pat. O'Hern, marked 'D,' which was approved.

"April 25. Order issued, marked 'E,' also an attachment and garnishee notice, marked 'F,' to J. E. Morrill, O. Swensen, and A. J. Bowle & Co., returnable April 28, at 2 o'clock P. M.

"April 28, 2 o'clock.   Order and notice to garnishees returned indorsed as served with a true copy upon garnishees J. E. Morrill, O. Swensen, and A. J. Bowle & Co. Plaintiff dissolved attachment and garnishee taxed to him.

"April 28, at 2 o'clock, constable made return of summons upon C. A. Leake, indorsed as follows:

"' Served on C. A. Leake April 28, 1888, by copy, he accepting service on the 28th, 1888, to appear at 2 o'clock of said day.

"' Fees: Service. ........    5Cc
           Copy....:........  25c
           Mileage.........  10c
                             _____
                              85c '

" 2 o'clock, Ezra Gallogly, salesman of J. J. Gallogly, was sworn and established a bill of particulars.  It is therefore considered and adjudged by the court here that J. J. Gallogly, plaintiff, have and recover from J. H. and C. A. Leake, defendants, the sum of $133.90 and costs herein taxed at $2.80.                    H. B. HATCH,
                                    "Justice of the Peace.

" April 30 the defendants J. H. and C. A. Leake filed a petition, marked 'G,' with the court, moving that judgment in this case rendered April 28, 1888, be set aside, for the reason that said judgment was rendered by default against said defendants in their absence.   Notice was served by the defendants in this case upon plaintiff on April 30, to appear May 5, at 1 o'clock P. M., before H. B. Hatch, justice in said case.

" May 5, 1 o'clock, parties appeared, and C. A. Leake prayed the court to set aside judgment, for the reasons stated in the petition filed April 30, viz., 'That the judgment was rendered by default.'   The court held that judgment was not rendered by default inasmuch as constable's return of summons showed that C. A. Leake accepted service to appear at 2 o'clock P. M. April 28, 1888, and

furthermore that said Leake's attorney did appear in court
shortly before 2 o'clock and asked the court to continue the
cause."

So far as appears the alleged acceptance was not in writ-
ing and therefore void; and there is no claim of service
on J. H. Leake, so that the judgment was of no validity.
It will thus be seen that on May 5, after the rendition of
the alleged judgment, the justice attempted to bolster up
his jurisdiction by a statement of two facts, which cannot
have that effect when entered on the docket, to sustain the
jurisdiction in the first instance. Had he possessed any valid
reason he no doubt would have assigned it. Therefore, if the
plaintiffs in error had refused to pay the costs this would
no doubt have been assigned as a sufficient justification.
The fact that the justice failed to assign such reason is con-
clusive proof to my mind that no such cause existed.
And this view is supported by the assignments of error in
the district court, which are as follows:

"Said justice erred in rendering a judgment against C. A.
Leake, one of the plaintiffs herein, on April 28, when the
summons showed by the return thereon that service was
only had thereof upon the same day of the trial, to-wit,
April 28, and that said Leake had not appeared either in
person or by attorney, and had not had the three days' no-
tice of said trial as required by law.

"Second—The court erred in rendering a judgment
against J. H. Leake (one of the plaintiffs herein) on April
28, for the reason that said J. H. Leake was not served
with summons to appear at that date and did not appear
either in person or by attorney.

"Third—The court erred in not allowing C. A. Leake,
one of the plaintiffs herein, to introduce any testimony in
his own behalf at the rehearing of said cause set for and
held upon the 5th day of May, 1888.

"Fourth—The court erred in affirming said judgment
on May 5, 1888, as first rendered on the 28th day of April,
1888."

No attempt was made to show any different cause for refusing to set aside the judgment than that assigned by the justice. I cannot agree to the proposition that the court will presume that other reasons than those assigned by him, which do not appear, exist to justify the justice in refusing to open the judgment. We must remember that the defendants below (plaintiffs in error) have had no opportunity to make their defense. They have not had their day in court and hence have been unable to protect their rights. The constitutional guaranty of a fair trial is an empty declaration unless the courts will give it effect by protecting every suitor in all lawful rights and thereby secure him a fair trial. The judgment should be reversed and the cause remanded for trial. As no trial has yet been had, I do not object to the syllabus, but in my view it does not state the questions before the court.