W. N. DRYFUS v. MOLINE, MILBURN & STODDARD COMPANY.

FILED JANUARY 3, 1895.   No. 5326.

1. **Justice of the Peace:** ERROR PROCEEDINGS.  No motion for a new trial is necessary in a cause taken from a justice court by a proceeding in error, in order to have the judgment reviewed in this court.

2. ——: GENERAL APPEARANCE.  Where a defendant in a justice court, after the rendition of a judgment against him, appears therein and moves a retaxation of the costs, it constitutes a general appearance in the cause, and is a waiver of all objections to jurisdiction over his person.

3. ——: TRANSCRIPT: CONCLUSIVENESS.  The record of the proceedings and judgment in a justice court, as embodied in a duly certified transcript, imports absolute verity, and cannot be contradicted by extrinsic evidence in the appellate court.   *Sullivan v. Benedict*, 36 Neb., 409, followed.

ERROR from the district court of Custer county.   Tried below before HAMER, J.

*Judson C. Porter*, for plaintiff in error.

*Darnall & Kirkpatrick*, contra.

NORVAL, C. J.

This suit was instituted before a justice of the peace on the 29th day of October, 1890, by the Moline, Milburn &

Stod'dard Company against W. N. Dryfus, a summons being issued returnable on November 3, which was returned duly served upon the defendant. On the return day both parties appeared, each filing a bill of particulars, and on application of the defendant a continuance was had until December 2, when there was a trial to a jury, who, being unable to agree were discharged and the case was adjourned by the justice to December 9, when the defendant having failed to appear at the hour fixed for the trial, or within one hour thereafter, the plaintiff demanded a trial, which was had to the court, with a finding and judgment against the defendant in the sum of $151.25. On the 15th day of December, 1890, the defendant filed a motion before the justice to set aside said judgment, but upon what ground does not appear. The hearing upon said motion by agreement of parties was set for December 22, when, the plaintiff and defendant being present, the justice sustained said motion, set aside said judgment, and set the cause down for trial on December 31, at which time, on motion of the defendant, the hearing was again adjourned to January 29, 1891, at 10 o'clock A. M. On said date the cause was called for trial, the plaintiff being present by its attorneys and the defendant by his attorney, whereupon the defendant objected to the jurisdiction of the justice for the reason, "That the case was not called at the hour set for trial, 10 o'clock A. M., and for one hour thereafter, and it appearing to the court that the same was not called until 11:45 A. M., standard time, and the court being unable to appear and call said cause, being fully advised in the premises, doth overrule said objection, whereupon the defendant refused further to appear." There was a trial to the court upon the merits, which resulted in a judgment in favor of the plaintiff in the sum of $152.54 and costs. On February 5, 1891, the defendant appeared before the justice and moved that the jury costs be retaxed, which motion was sustained by the justice. Subsequently the defendant filed

a petition in error in the district court to reverse said judgment, alleging that the justice erred in overruling his challenge to the jurisdiction of said cause and rendering judgment therein. At the hearing the district court found that there was no error in said judgment and proceedings, and entered a judgment of affirmance, whereupon the plaintiff in error presented a motion for a new trial, which was overruled by the court. An exception was taken to the decision. The cause was removed to this court by petition in error.

The denying of the motion for a new trial by the district court upon the affirmance of the judgment is assigned as error. Such a motion was wholly unnecessary to obtain a review of the cause in this court, since only questions of law were presented by the petition in error to the district court for determination. (*Newlove v. Woodward*, 9 Neb., 502; *Leach v. Sutphen*, 11 Neb., 527.) The grounds set up on the motion for a new trial were two: 1. Surprise that the justice's transcript "contained erroneous entries which were added and attached thereto without the knowledge of the plaintiff, and which this plaintiff had no opportunity of having corrected, the nature and character of which erroneous entries are fully set forth in the affidavits which are filed herewith, and are hereby made a part of this motion." 2. The court erred in affirming the justice's judgment.

As to the first ground contained in the motion, it is sufficient to state that, since it is based upon matters not appearing upon the face of the record itself, and the affidavits filed in support of the motion not having been incorporated in a bill of exceptions, the point cannot be considered. (*Walker v. Lutz*, 14 Neb., 274; *Van Etten v. Kosters*, 31 Neb., 285.) Moreover, the district court had no power in this proceeding to correct the transcript, or to grant a new trial on account of the same not speaking the truth. The entry on the justice's docket, as embodied in the transcript duly certified, imports absolute verity, and cannot be contra-

dicted by affidavits.  If the transcript is defective or erro-
neous, a diminution of the record should have been sug-
gested before the error proceedings were determined by the
court below, and the justice required to send up a true and
perfect copy of his docket. (*Haggerty v. Walker*, 21 Neb.,
596; *Sullivan v. Benedict*, 36 Neb., 409.)  As no motion
for a new trial was necessary to present to this court for
review the decision of the district court affirming the
judgment, there was no reversible error in denying the
second ground set up in said motion.

It is insisted that the justice lost jurisdiction to render
judgment by failing to call the case at the hour the same
was set for trial, or within one hour thereafter, and section
916 of the Code of Civil Procedure is cited in support of
this contention, which declares: "The parties are entitled
to one hour in which to appear, after the time mentioned
in the summons for appearance, but are not bound to re-
main longer than that time, unless both parties have ap-
peared, and the justice being present is engaged in the trial
of another cause."  Whether the foregoing section has
any application except as to the time in which parties shall
appear on the return day of the summons, we will not now
stop to consider.  Conceding, for the purpose of this case,
that it applies to each adjournment of a case, and that the
justice erred in not sustaining the objection of the plaintiff
in error to the jurisdiction, still it does not follow that the
judgment should have been reversed.  The justice had
jurisdiction of the subject-matter; and the acts of the
plaintiff in error in appearing before the justice subsequent
to the rendition of the judgment and in moving a retax-
ation of the costs constitute a general appearance in the case
and a waiver of all objections to jurisdiction over his person.
(*Crowell v. Galloway*, 3 Neb., 215; *Warren v. Dick*, 17
Neb., 241; *Tootle v. Jones*, 19 Neb., 589; *Leake v. Gal-
logly*, 34 Neb., 857.)  The judgment of the district court
is therefore

AFFIRMED.