OMAHA LOAN & TRUST COMPANY SAVINGS BANK, APPEL-LEE, V. BENJAMIN P. KNIGHT ET AL., APPELLANTS.

FILED JANUARY 19, 1897. No. 7001.

1. **Review: LACHES.** A judgment or decree from which no appeal has been taken within the statutory time will not be reviewed by the appellate court.

2. **Appearance: WAIVER OF DEFECTS.** A general appearance by a defendant in a cause is a waiver of all defects in the issuance and service of the summons, and gives the court jurisdiction.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.   *Affirmed.*

*John L. Carr*, for appellants.

*Francis A. Brogan, contra.*

POST, C. J.

On the 5th day of November, 1892, a decree of foreclosure of a real estate mortgage was entered in the cause in the court below, it finding that there was due the plaintiff from Benjamin P. Knight and Adeline F. Knight the sum of $2,671.86, and directing that the mortgaged premises be sold to satisfy the same unless said sum should be paid within twenty days from that date, and "that if there be any balance remaining due the plaintiff after said sale, a judgment shall be rendered in favor of the plaintiff, and against the defendants Benjamin P. Knight and Adeline F. Knight, for the amount thereof."   Subsequently an order of sale was issued, and the property sold thereunder, which sale was duly confirmed by the court.   Thereafter, on April 4, 1893, plaintiff filed a motion for a deficiency judgment, and notice of the time and place of the hearing thereof was served upon the defendants by delivering to Benjamin P. Knight personally a true and certified copy of the notice and motion, and by leaving a like copy of each for Adeline F. Knight at her usual place of residence in Douglas county. Pending the hearing of this motion Mrs. Knight filed a petition to modify the said decree of foreclosure so far as it found that she was liable for a judgment for any deficiency there should be after the sale of the property.   A deficiency judgment was rendered against Benjamin P. Knight on April 27, 1893, and the motion for a deficiency judgment against Mrs. Knight was continued to await the hearing of her application to modify the decree.   At the September, 1893, term of the court, to-wit, on November 23, 1893, the petition to modify the decree was denied,

and a deficiency judgment was rendered against Adeline
F. Knight for $920.08.    Afterwards, and at the February,
1894, term, a motion was filed by her to set aside the de-
ficiency judgment rendered at the preceding term, which
motion was denied on March 27, 1894.    The transcript on
appeal was filed in this court on the 6th day of June,
1894.

Most of the questions argued in the brief of appellants
are based upon alleged errors in the cause preceding the
entry of either the original decree or the deficiency judg-
ments, which were rendered against Mrs. Knight, and
cannot now be reviewed, inasmuch as the decree of fore-
closure was rendered more than two years, and the last
deficiency judgment was entered more than six months,
prior to the docketing of the appeal in this court.    No
appeal having been taken from such judgments or decree
within the statutory limit, there is no jurisdiction to re-
view either of them.    (*Renard v. Thomas*, 50 Neb., 398,
and cases there cited.)    Neither of the appellants is in a
situation to take advantage of the errors of the court in
entering the decree or deficiency judgment, if errors were
committed.

The sole matter before the court for determination is the
correctness of the decision denying the motion to set aside
the deficiency judgment rendered against Mrs. Knight, as
that was the only order from which an appeal has been
prosecuted in time.    The ground of the motion is that the
deficiency judgment was irregularly obtained, in that the
summons served on Mrs. Knight did not apprise her that
plaintiff claimed a deficiency judgment.    The summons
contained this indorsement: "Amount claimed of defend-
ant by the plaintiff is $——, and foreclosure of mortgage."
Whether this was sufficient to authorize the entry of a
personal judgment in the case against Mrs. Knight is
wholly immaterial, for two reasons: First, notice of the
application for the deficiency judgment was duly served
upon her.    In the next place, she appeared and resisted
the application, and subsequently moved to set aside the

judgment for deficiency. This constituted a waiver of the defects, if any there were, in the indorsement on the summons. (*Cropsey v. Wiggenhorn*, 3 Neb., 108; *Orr v. Seaton*, 1 Neb., 105; *Crowell v. Calloway*, 3 Neb., 215; *White v. Merriam*, 16 Neb., 96; *Warren v. Dick*, 17 Neb., 241; *Tootle v. Jones*, 19 Neb., 588.) No error was committed in refusing to vacate the deficiency judgment, and the order is accordingly

AFFIRMED.