## JAMES LORIUS ET AL. V. ALLEN ABBOTT.

FILED OCTOBER 6, 1896. No. 6740.

1. **Justice of the Peace: JURISDICTION: TITLES AND BOUNDARIES: EVIDENCE.** The obvious purpose of the constitutional and statutory limitations upon the powers of justices of the peace concerning actions on contracts for real estate is to exclude from the cognizance of such officers proceedings involving a determination of the title or boundaries of land, and not to render inadmissible, in actions within their jurisdiction, deeds, contracts, and other evidences of title.

2. ——: ——: **LIQUIDATED DAMAGES: ACTIONS.** A county judge, in the exercise of the authority conferred upon him as a justice of the peace, has jurisdiction of actions to recover liquidated damages upon the failure of the defendant to convey real estate in accordance with the terms of the agreement which is the basis of such proceeding.

3. **Contract to Convey Land: LIQUIDATED DAMAGES.** Agreement alleged as the cause of action examined, and *held* not a mere penalty, but a provision for liquidated damages upon the default of the promisor.

ERROR from the district court of Loup county. Tried below before THOMPSON, J.

*A. S. Moon,* for plaintiffs in error.

*A. M. Robbins* and *C. I. Bragg, contra.*

POST, C. J.

This cause was commenced before the county judge of Loup county in the exercise of his jurisdiction as a justice of the peace. It was by the plaintiff therein, Abbott, defendant in error, alleged that one of the plaintiffs in error, Lorius, on the 12th day of April, 1892, by written indenture undertook within thirty days from said date to convey to him, the said Abbott, certain real property situated in said county, and in default thereof the latter was to have the use and control of the premises therein de-

Lorius v. Abbott.

scribed for the year 1892 and until the month of March, 1893, "the same being compensation as damages to said Abbott for the failure of said Lorius to execute said deed;" that Lorius having failed and refused to convey in accordance with the terms of his undertaking, conspired with his co-defendant, Van Rheen, to cheat and defraud the plaintiff by keeping the latter out of possession of the said premises, and that in the execution of such fraudulent purpose he conveyed said premises by deed to the said Van Rheen, who was a party to the fraud alleged and who received such conveyance, and went into possession of said property with notice of the plaintiff's rights in the premises. The foregoing allegations are accompanied by a prayer for judgment in the sum of $———, the rental value of said premises for the year 1892. The defendants appeared before the county judge and objected to his jurisdiction over the subject of the action, which having been overruled, they interposed separate motions to strike the bill of particulars, on the ground that it failed to state a cause of action, which motions were also overruled and a trial had, resulting in a judgment for the plaintiff therein against both defendants. Said cause was afterward, by means of the petition in error of the said defendants, removed into the district court for Loup county for review, where, upon a final hearing, the said proceeding was dismissed, and which is the ruling now assigned as error.

In section 16, article 6, of the constitution we find the following provision relating to the jurisdiction of county courts: "They shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over five hundred dollars; nor in actions in which title to real estate is sought to be recovered, or may be drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate." By section 2, chapter 20, Compiled Statutes, entitled "Courts," it is declared that "county judges in their respective counties shall have and exercise the ordinary

powers and jurisdiction of justices of the peace, and shall in civil cases have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars." Section 18, article 6, of the constitution, defining the jurisdiction of justices of the peace, provides that "no justice of the peace shall have jurisdiction of any civil case where the amount in controversy shall exceed two hundred dollars; nor in a criminal case where the punishment may exceed three months' imprisonment, or a fine of over one hundred dollars; nor in any matter wherein the title or boundaries of land may be in dispute." The Civil Code, section 907, declares: "Justices [of the peace] shall not have cognizance:  *   *   * Fifth—In actions on contracts for real estate. Sixth—In actions in which the title to real estate is sought to be recovered or may be drawn in question, except," etc. We conclude from a consideration of the facts alleged that this is not an action upon a contract for the conveyance of real estate, within the meaning of either the constitutional or statutory provisions above quoted. The obvious purpose of the limitations therein, so far as they relate to contracts concerning real estate, is to exclude from the cognizance of county courts and justices of the peace actions involving a determination of the title or boundaries of land, and not to render inadmissible, as affecting the right of possession merely, deeds and other evidence of title. (*Galligher v. Connell*, 23 Neb., 391.)

It is unnecessary to determine in this connection whether, upon the refusal of the defendant below, Lorius, to convey, the instrument set out operated as an executed lease of the premises therein described or as an executory agreement to lease, since in either case the gravamen of the action is the breach by said defendant of an undertaking which contemplated the relation of landlord and tenant, and the damage sought is the rental value of said premises for the stipulated period of one year. It is not unlike an action against a landlord for refusing to put the tenant in possession of the demised

premises which by implication admits the title of the former. Nor did the introduction in evidence by the plaintiff below of the agreement for the conveyance of the land operate to deprive the county judge of jurisdiction of the action. In *Mushrush v. Devereaux*, 20 Neb., 49, which was for the recovery of money paid upon an agreement for the sale of land after a refusal to convey, it was argued that inasmuch as the plaintiff was unable to make out his case without the introduction in evidence of the agreement in question, the justice of the peace was without jurisdiction of the action; but it was held, notwithstanding such fact, that the suit was for money had and received and, therefore, cognizable by the county judge in his capacity as a justice of the peace. The ground of the decision in that case is apparent from the concluding language of the opinion, viz.: "The plaintiff's case, therefore, depending not upon his refusal or failure to comply with the terms of his contract, upon which the advance payment was made, the county judge was not ousted of jurisdiction to try the action by reason of the constitutional provision cited or the provisions of statute in pursuance thereof." This case is within the reasoning there employed and must be governed thereby.

It is insisted that the condition of the contract for the use by the plaintiff of the property therein mentioned is in the nature of a penalty and that, in the absence of an allegation of actual damage, the county judge erred in refusing to strike the bill of particulars; but to that proposition we cannot agree. The stipulation in question is entirely free from doubt or ambiguity, and is susceptible of a single interpretation, viz., that the provision therein for the benefit of the plaintiff below was intended to be the measure of his damage upon the breach of the contract by the defendant. The judgment is right and will be

AFFIRMED.