PHŒBE R. E. E. LINTON ET AL. V. FRED HEYE ET AL.[*]

FILED JUNE 18, 1903. No. 12,937.

1. **Special Appearance.** Ordinarily, if a defendant intends to rely on a want of jurisdiction of the court over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction; if he appears for any other purpose, his appearance is general.

2. **Plea to Jurisdiction.** When the lack of jurisdiction does not appear on the face of the record, but must be established by evidence *aliunde*, he may plead to the jurisdiction, or unite a plea to the jurisdiction with other defenses to the action, without waiving his right to insist on a lack of jurisdiction. *Hurlburt v. Palmer*, 39 Neb. 158, 173.

[*] April 11, 1904, judgment of this court was affirmed by the supreme court of the United States, *Linton v. Heye*, 194 U. S. 628,

3. ———: CROSS-PETITION. The preceding rule is limited to cases where the plea to the jurisdiction stands alone, or is united with such defenses as go to defeat a recovery by the plaintiff, and does not extend to cases where such plea is joined with a cross-petition or counter-claim, which necessitates a trial on the merits of the issues tendered by the plaintiff's petition.

4. Statute of Limitations: REAL PROPERTY: DUE PROCESS OF LAW. The statute of limitations respecting actions for the recovery of real property, as construed by this court, is not open to the objection that it operates to deprive the owner of his property without due process of law.

5. ———: MARRIED WOMEN. Such statute runs against married women during coverture, whether residents or nonresidents of this state.

ERROR to the district court for Otoe county: PAUL JESSEN, DISTRICT JUDGE. *Affirmed.*

*John O. Yeiser,* for plaintiffs in error.

*John C. Watson* and *John V. Morgan, contra.*

ALBERT, C.

This is an action to quiet the title to several tracts of land, each plaintiff asserting title to a separate tract. The title of each is traceable to separate conveyances from one Finlay, as attorney in fact for the defendants. Those of the plaintiffs who claim immediately under such conveyances had been in the open, notorious, exclusive and adverse possession of their respective tracts, claiming title under such conveyances for more than ten years before the commencement of this action; the possession of those claiming by virtue of *mesne* conveyances, coupled with that of their *mesne* grantors was for a like period and character and under a like claim of title. The title of each, therefore, as disclosed by the petition, is based on a conveyance from the said Finlay, as attorney in fact for the defendants, and upon adverse possession. Service on the defendants was had by publication. They appeared specially and objected to the jurisdiction of the court over their persons, on the grounds that the affidavit for service by publication and the notice, published in pursuance

thereof, were defective in certain particulars, and that such notice was not published for the period required by law. The objections were overruled, and the defendants answered.

In their answer the defendants review the objections to the jurisdiction of the court, and admit the possession of the plaintiffs and their *mesne* grantors to have been as alleged in the petition. Further answering the defendants allege, in substance:

(1.) That at the time of the said conveyances by the said Finlay, as attorney in fact, the title to the said lands was in the defendant Phœbe R. E. E. Linton for life, remainder over to the issue, naming them, of her marriage, with her codefendant, who had no interest whatsoever in the land.

(2.) That the power of attorney, by virtue of which the said Finlay assumed to act in making said conveyances, was wholly void and of no effect, for the reason that it was not executed, acknowledged and stamped as required by the laws of England when it was made.

(3.) That adverse possession for more than ten years "does not constitute an equitable title, or afford authority or reason for a court of equity to extinguish a legal title or the title of the defendants"; that the statute of limitations of this state, as regards actions for the recovery of real estate, as construed by this court, is unconstitutional in that, as thus construed, it permits a person to be deprived of his property without due process of law. The prayer for relief is, that the plaintiffs' petition be dismissed, that the said conveyances from Finlay, as attorney in fact for the defendants, be adjudged null and void, and, that all claims of the plaintiffs, in and to the said lands be forever extinguished, and for such other relief as may be equitable. The defendants, afterward, presented what is denominated in the record as a cross-bill, asking that the issue of this marriage be brought in as parties to the suit, and that they be required to set up their interest in the lands in controversy. Leave to file a cross-bill

was denied by the court. The reply of the plaintiffs is a general denial. A trial to the court resulted in a finding and decree for the plaintiffs. The defendants prosecute error.

It is first urged that the court had no jurisdiction over the defendants. The general rule, settled by a long line of authorities, is, that if a defendant intends to rely on a want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. If he appear for another purpose, such appearance is general, and a waiver of all defects in the original process, and an acknowledgment of the complete jurisdiction of the court in the action. *Bankers Life Ins. Co. v. Robbins,* 59 Neb. 170; *Omaha Loan & Trust Co. v. Knight,* 50 Neb. 342; *Leake v. Gallogly,* 34 Neb. 857; *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Neb. 29; *Dryfus v. Moline, Milburn & Stoddard Co.,* 43 Neb. 233; *Hurlburt v. Palmer,* 39 Neb. 158, 173. An exception to this rule is, that, where the lack of jurisdiction does not appear on the face of the record, the defendant may unite a plea to the jurisdiction with his other defenses to the action, without waiving his rights to insist on the lack of jurisdiction of the court. *Hurlburt v. Palmer, supra.* But, we think, such exception must be limited to cases where the plea to the jurisdiction is joined only with such defenses as go to defeat a recovery by the plaintiff, and should not be extended to cases where, as in this case, such plea is joined with a cross-petition, or counter-claim, which necessitates a trial on the merits of the issues tendered by the petition. Such pleading, though denominated an answer, contains all the essential elements of a petition or complaint, and might be made the basis of an independent action and decree against the plaintiffs. It puts it beyond the lawful power of the court to dispose of the case, by a finding on the issues tendered by the plea to the jurisdiction, and compels an adjudication on the merits. The defendants, having thus compelled an adjudication on the merits, can not now be heard to question the authority of the court whose jurisdiction they thus invoked.

Another complaint of the defendants is based on the refusal of the court to require their children to be brought in as parties to the action. We are unable to see how the ruling of the court in this behalf was prejudicial to the defendants. The relief sought by the plaintiff was an adjudication, quieting their title as against the claims of the defendants. That there might be other parties having, or claiming to have, some interest in the premises, would not strengthen the defense, nor assist the court, in the slightest degree, in a just determination of the respective rights of the parties before it. So far as the parties not before the court are concerned, they are not affected by the decree.

A considerable portion of the defendants' brief is devoted to the question of title by adverse possession. The facts upon which the plaintiffs base their claim to title by adverse possession are not denied, but the defendants strongly insist, that while our statute of limitations, in respect to actions for the recovery of real estate, operates to extinguish the remedy, it does not extinguish the right. The learned counsel for the defendants does not overlook the decisions of this court to the effect that one who has maintained an actual, continued, notorious and adverse possession of real estate, claiming title to the same against all persons for ten years or more, acquires a perfect title thereto. See *Lantry v. Wolff*, 49 Neb. 374, and cases there cited. But it is contended that the statute, as thus construed, operates to deprive the owner of his property without due process of law, and is therefore unconstitutional. We think it too late in the day to go into that question. It is the policy of the law that the dominion of things should not long remain uncertain, so as to disturb the peace of society by giving rise to numerous controversies and perpetual litigation. Hence, statutes of limitations exist in every state in the Union. In speaking of such statutes, Miller, J., in *Campbell v. Holt*, 115 U. S. 620, said:

"The weight of authority is in favor of the proposition that, where one has had the peaceable, undisturbed, open

possession of real or personal property, with an assertion of his ownership, for the period which, under the law, would bar an action for its recovery by the real owner, the former has acquired a good title—a title superior to that of the latter, whose neglect to avail himself of his legal rights has lost him his title.  *   *   *   It may, therefore, very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by a legislative act passed after the bar has become perfect, such act deprives the party of his property without due process of law.   The reason is, that, by the law in existence before the repealing act, the property had become the defendant's.   Both the legal title and the real ownership had become vested in him." Citing, *Leffingwell v. Warren*, 2 Black (U. S.), 599; *Dickerson v. Colgrove*, 100 U. S. 578; *Bicknell v. Comstock*, 113 U. S. 149; *Croxall v. Shererd*, 5 Wall. (U. S.) 268.   This court is fully committed to that doctrine. *Lantry v. Wolff, supra*.

  But the defendants contend that the statute of limitations does not apply to the wife in this case, because, by section 17 of the code, the statute of limitations does not operate against married women during coverture, and that the amendment thereof, by implication, by the provisions of chapter 53, Compiled Statutes (Annotated Statutes, 5317), relative to married women, applies only to married women in this state, and, that as Mrs. Linton is a nonresident, the statute does not run against her.

  In *Murphy v. Evans Steam Laundry Co.*, 52 Neb. 593, this court held, since the enactment of the provisions of chapter 53, the statute of limitations runs against married women during coverture, notwithstanding the provisions of section 17.   There is nothing in chapter 53 to indicate that it was intended to limit it, so far as it operates to enable a married woman to maintain an action in her own name, to residents in this state.   The provision is general, that a married woman may, while married, sue and be sued, in the same manner as if she were unmarried.   Con-

sequently, the rule announced in *Murphy v. Evans Steam Laundry Co., supra,* applies, not only to women who reside in this state, but also to nonresidents, and to the wife, defendant in this case. Besides, having joined with her husband in the motion for a new trial, and in the petition in error, under the repeated rulings of this court, no defense not available to her codefendant, as well as herself, is available to her.

Considerable space is given to a discussion of the question of the validity of the power of attorney, under which Finlay executed the conveyances hereinbefore mentioned. It is not claimed that they were not given by the defendants, but merely that they were invalid under the laws of England where made. In view of the sufficiency of the plaintiffs' title by adverse possession, we do not deem it necessary to go into that question. If we are correct in our construction of the law, the title of the plaintiffs by adverse possession stands admitted, and is perfect, so that it would be useless to go into the other questions raised by the defendants.

It is recommended that the decree of the district court be affirmed.

BARNES and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.