WILLIAM N. EDGAR, APPELLEE, v. JOHN F. ANTHES, APPELLANT.

FILED DECEMBER 30, 1922.   No. 22175.

1. Evidence examined, and *held* sufficient to support the verdict.

2. Appearance. A defense of fraud in obtaining jurisdiction of the person of the defendant is waived by such defendant filing a cross-petition asking affirmative relief. *Linton v. Heye*, 69 Neb. 450.

Edgar v. Anthes.

3. **Damages.** An unambiguous provision for $500, "as damages for nonfulfilment of contract" for conveyance of land, will be held to be for liquidated damages, rather than a penalty, when the sum named is not disproportionate to the probable damages, and because of the difficulty of accurately ascertaining the damages in such case.

APPEAL from the district court for Frontier county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*Ambrose C. Epperson, Charles H. Epperson, Jr.,* and *D. B. Massie,* for appellant.

*Lamb & Butler* and *Walter D. James, contra.*

Heard before MORRISSEY, C. J., ALDRICH, LETTON and DEAN, JJ., REDICK, District Judge.

REDICK, District Judge.

Action brought to recover $500 paid upon a contract for purchase of real estate and $500 as liquidated damages for failure of vendor to comply with the contract. The evidence supports the finding of the jury for the plaintiff, and only two other questions are presented for review. The defendant alleged in his answer that he had been inveigled into the jurisdiction of the county court of Frontier county by fraud, and that such court had no jurisdiction over his person, his residence being in Clay county, and offered evidence in support of such allegation. Whatever merit there may have been in this defense, it was clearly waived by defendant filing a cross-petition asking affirmative relief, as he thereby submitted his person to the jurisdiction. *Linton v. Heye,* 69 Neb. 450, and cases cited therein.

The second question arises from the following provision of the contract of sale:

"It is mutually agreed that time is an essential element in this contract, and it is further agreed that in case either of the parties hereto shall fail to perform the stipulations of this contract, or any part of the same, the failing party shall pay to the other party of this con-

tract the sum of five hundred and no/100 dollars as damages for nonfulfilment of contract."

Plaintiff contends that the sum named, $500, is liquidated damages, and defendant that it is merely a penalty.

The contract is free from ambiguity, and says, in so many words, that the sum mentioned shall be paid "as damages for nonfulfilment of contract," so there is no room for construction. *Lorius v. Abbott,* 49 Neb. 214. The intention is plainly expressed; and, if the contract as made is not against conscience or the policy of the law, it must be given effect according to the natural import of the words used. The cases are in considerable conflict, but are in substantial agreement upon the proposition that, when the damages are difficult or uncertain of ascertainment, the parties may liquidate them by contract. It is said: "The actual damages arising from the breach of a contract for the purchase of real estate have been frequently held to be of such an uncertain and unacertainable nature as to warrant the construction that a sum named to be paid on breach is liquidated damages and not a penalty." 17 C. J. 956, sec. 254. "It is in fact well settled that a contract for the transfer of land is of the kind of agreements open to a stipulation for liquidated damages." *Madler v. Silverstone* (55 Wash. 159), 34 L. R. A. n. s., note on page 8. And in the opinion it was held that in a contract for exchange of lands a stipulation for liquidated damages would be upheld, since "the damages suffered for the breach of the agreement are uncertain in their nature," and "the sum stipulated is not so disproportionate to the probable damages suffered as to appear unconscionable." The note in L. R. A., *supra*, contains a valuable discussion of the question. In the present case the price of the 800-acre farm was $32,000. In the absence of the provision quoted, the measure of damages would be the difference between that sum and its value in excess thereof. The writer recently tried a case where the damages to a city lot on account of taking a 14-foot strip off the front of it were estimated at $12,-

000 by plaintiff's witnesses and $2,500 by witnesses for the city—all qualified as experts; this illustrates the un·certainty surrounding such questions, and justifies a reasonable agreement by the parties in advance of breach. The sum of $500 is a reasonable amount, not in excess of the probable damages, considering the contract price and the subject-matter of the contract. As suggested by counsel for appellee in his brief: "If the witnesses should vary as much as $1 an acre in their testimony as to the value of this land, it would amount to $300 more than the parties provided should be paid upon default." The amount stated in the contract must be construed as liquidated damages. The cases from this state, *Gillilan v. Rollins*, 41 Neb. 540, and *Brennan v. Clark*, 29 Neb. 385, cited by appellant, are not in conflict with the views here expressed.

Judgment

AFFIRMED.