G. W. POLLARD, APPELLANT, V. ANDREW J. LARSON ET AL.,
APPELLEES: C. W. WAGNER, APPELLANT.

FILED JANUARY 13, 1927.   No. 24281.

1.  Appearance. In a suit by a vendor to require specific perform-
    ance of a contract to purchase land, a vendee objecting to
    jurisdiction enters a general appearance, where he seeks af-
    firmative relief by pleading a cause of action for damages
    resulting from vendor's breach of the same contract.

2.  Venue. Where a vendee pleads a cause of action against vendor
    for damages resulting from a breach of contract to convey land
    and vendor files therein a cross-petition for specific performance
    of the same contract, the law does not deprive the court of
    equitable jurisdiction to grant such relief, merely because the
    vendee resides in another county.

3.  ———: SPECIFIC PERFORMANCE. Specific performance is a
    transitory action and may be brought in any county where ser-
    vice of summons may be had.

4.  ———: ———. In providing by statute that an action for
    specific performance may be brought in the county where de-
    fendants or any of them reside, the legislature did not use the
    word "may" in the sense of "must." Comp. St. 1922, sec. 8557.

5.  Parties. Under the law of Nebraska, "the court may determine
    any controversy between parties before it, when it can be done
    without prejudice to the rights of others." Comp. St. 1922,
    sec. 8547.

6.  Vendor and Purchaser: CONTRACT: ASSIGNMENT: LIABILITY OF
    VENDEE. Vendee in a contract to purchase and pay for land
    does not escape liability for those obligations merely because
    they are assumed by one to whom the contract is sold and
    assigned.

7.  ———: RESCISSION. Under a contract to purchase and pay
    for land, a vendee in default of payments, renouncing his own
    contractual obligations while in possession of the land with
    rents and profits in his hands, cannot maintain an action for
    rescission of the purchase and for damages resulting from ven-
    dor's failure to furnish a warranty deed and an abstract show-
    ing good and sufficient title.

8.  Specific Performance: LACHES. Where time is not an essential
    element of a contract for the purchase of land, the right of
    specific performance at the suit of vendor is not necessarily

lost by his failure to tender to a vendee first in default a warranty deed and an abstract showing a good and sufficient title at the appointed time.

9. ———. A school site on a half-section of land which the owner agreed to sell *held* insufficient to prevent specific performance at the suit of vendor under the circumstances outlined in the opinion.

APPEAL from the district court for Lincoln county:   J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer, Beeler, Crosby & Baskins* and *J. W. James,* for appellants.

*Halligan, Beatty & Halligan* and *W. A. Stewart, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This action was commenced in the district court for Lincoln county March 22, 1923, by G. W. Pollard, plaintiff, against Andrew J. Larson and his wife, Lula Larson, defendants and vendors, to recover damages for failure on their part to perform a contract to convey to plaintiff by good and sufficient warranty deed a half section of land in Lincoln county. The vendors had agreed in writing October 27, 1919, to sell and convey the land to C. W. Wagner, vendee, for $500 in cash and a deferred payment of $7,500—$8,000 in all. The contract required the vendors to furnish an abstract "showing good and sufficient title" in themselves, "before final payment." The date fixed by the contracting parties for the "final payment" of $7,500 was March 1, 1923, but they did not in specific terms or otherwise make time an essential element of the contract. Pollard, also in the attitude of vendee, alleged that he bought the contract from Wagner January 25, 1922, and thus acquired the latter's interests and rights under the purchase; that he went into possession of the premises February 1, 1922, and retained it during the times mentioned in his pe-

tition; that the vendors did not furnish the required abstract or convey the land by good and sufficient warranty deed, but furnished an abstract showing that Josephine Peterson owned an undivided one-seventh interest in half the land; that he had been ready and willing to perform on his part the vendee's contract and that his damages by non-performance of the vendors were $7,200. For this sum Pollard, vendee, demanded judgment.

By order of the district court Wagner was summoned as a party defendant on motion of Andrew J. Larson.

The land in controversy is the west half of section 20, township 10, range 26, Lincoln county. There had been a separate abstract for each quarter section. The northwest quarter was incumbered by a mortgage. The abstract for that portion of the tract was in the hands of the mortgagee. It was available for the purposes of a transfer at the appointed time, and disclosed a merchantable title. The objections to title were directed to the abstract for the southwest quarter.

The vendors denied the charge that their title was defective and that they had violated their contract. Their answer offered performance on their part. In a cross-petition vendors also pleaded a cause of action for the deferred payment and interest, for taxes paid by them while out of possession, and for specific performance of the contract alleged by Pollard to have been violated by them. The pleadings of vendors applied to both Larson and Wagner as vendees.

Allegations by vendors that Pollard and Wagner were bound to perform the latter's contract of purchase were traversed by a formal answer of each vendee, praying for affirmative relief, after Wagner had interposed objections to the jurisdiction of the district court for Lincoln county.

Upon a trial of the issues the district court made findings against both Pollard and Wagner; denied the relief sought by each of them; entered judgment against them for $9,344.50, the amount due the Larsons, including interest and taxes, ordered specific performance, and decreed fore-

closure of the contract itself. Pollard and Wagner, vendees, have appealed.

The challenge to the jurisdiction of the district court to decree specific performance is first presented. On this question the position of vendees is untenable. The district court acquired jurisdiction over them and also over the subject-matter of the litigation. The land is in Lincoln county. Pollard brought an action at law therein to recover damages for breach of the contract of purchase. The vendors appeared, but did not confine their cross-petition to specific performance. They also invoked a legal remedy to recover a general judgment for the deferred payment, the interest and the taxes. These were obligations of Wagner for which Pollard was also bound after he purchased the interests of the former, accepted the assignment of the contract and took possession of the land. Wagner was summoned in Hall county. He did not confine himself to his objections to jurisdiction or to a denial of liability under the terms of his contract. After the trial court overruled his challenge to jurisdiction he affirmatively invoked judicial power to recover a money judgment in his favor against vendors for $1,382.42 in damages for failure on their part to furnish the abstract and deed required by the very contract on which the plea for specific performance is based. This demand for affirmative relief under the circumstances amounted to a general appearance in the equitable cross-action for specific performance. Pollard commenced the suit as plaintiff and Wagner made a general appearance as defendant. The district court therefore acquired jurisdiction over both vendees. *Edgar v. Anthes,* 109 Neb. 546; *Linton v. Heye,* 69 Neb. 450.

Jurisdiction of the district court over the subject-matter of the cross-action for specific performance is equally clear. Each of the parties to the litigation prayed for a judgment at law for damages resulting from nonperformance of the same contract. The law did not require the district court to separate the actions for damages from the suit in equity

for specific performance and send the parties to Hall county, where Wagner resides, to pursue the litigation.

Specific performance is a transitory action and may be brought in any county where the necessary parties are properly before the court. Comp. St. 1922, sec. 8557; *Scow v. Bankers Fire Ins. Co.,* 109 Neb. 241; *Fall v. Fall,* 75 Neb. 104, 120. According to the statute cited, the action "may be brought in the county where the defendants or any of them reside," but the word "may" as thus used does not mean "must." *Atchison, T. & S. F. R. Co. v. Drayton,* 292 Fed. 15. That provision does not deprive the district court of jurisdiction under the circumstances of the present case, where the necessary parties are before it, though residing elsewhere. *Miller v. Ruzicka,* 109 Neb. 152.

The controversy over the necessary parties to the litigation seems to involve also Charles L. Rich, who was not brought before the court, though included in the motion to make Wagner a defendant. The record shows that the absence of Rich does not affect the regularity of the proceedings. He was not a necessary party. While the evidence indicates that he had entered into a prior contract April 4, 1918, to purchase from the Larsons the land in dispute, he subsequently sold his contract of purchase to Wagner and quitclaimed his interests to Andrew J. Larson with the understanding of the three persons named that a new sale by the Larsons to Wagner would follow. This latter arrangement was carried into effect and resulted in the making of the contract foreclosed in the court below. The controversies before the court were determinable without prejudice to the litigants or to Rich, within the meaning of the statute which provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others." Comp. St. 1922, sec. 8547.

Were Pollard's action and Wagner's cross-action against the Larsons to recover damages for breach of the contract of sale properly dismissed? The record conclusively answers the question in the affirmative for the following rea-

sons: Wagner, by his assignment to Pollard, did not escape the liabilities imposed by the contract of purchase. Both were liable to vendors for the unpaid purchase price. The evidence will not admit of any other conclusion. Long before expiration of the time fixed by the contracting parties for the final payment and for the furnishing of the abstract, Pollard gave notice to vendors that there was an incurable flaw in their title; renounced his contractual obligations as a vendee; failed to make a valid tender of the unpaid purchase price, though in possession of the premises under his purchase; collected and retained rentals; failed to make full payment of interest and taxes according to his agreements and never restored possession to vendees. In these respects Wagner likewise failed to comply with the terms of his purchase. Both breached their contract as vendees before the stipulated time for performance on the part of vendors expired. Vendees were the first to break the contract. While themselves in default, they attempted to rescind their purchase and sued for damages without surrendering possession or accounting for the rents and profits. They were not at the same time entitled to both possession and rescission. Their suits for damages, therefore, were properly dismissed. *Watkins v. Harrison,* 110 Neb. 439; *Schlake v. Healey,* 108 Neb. 35.

A formidable argument is directed to the proposition that vendors were not entitled to specific performance because they did not tender on or before March 1, 1923, the date fixed for mutual performance, a warranty deed and an abstract showing a good and sufficient title. The reasoning is based principally on the unwarranted premise that there could be no legal foreclosure after that date without a previous tender of a warranty deed and of an abstract showing a good and sufficient title. Vendees sometimes share the responsibility for delay. Courts of equity often enforce contracts at the suit of vendors who failed to tender a good title and a warranty deed at the appointed time. Good conscience, equity and justice control in the light of circumstances. In the present instance the contract was

made in good faith. It was performed in part by all the parties. Vendors at all times meant to furnish a good title and so informed vendees. There was a timely tender of an abstract. A flaw in the title was properly pointed out. Vendors procured a decree purporting to remedy the defect. The abstract for the quarter section in controversy was again presented early in January, 1923, and again rejected on the ground that the decree did not clear the title, but the abstract was not returned until November 1, 1923— eight months after the stipulated date for final payment. In the meantime vendors commenced another suit to quiet their title, made the southwest quarter a party, procured a decree correcting the flaw to which objection had been made and tendered in court May 28, 1924, a warranty deed and an abstract showing a good and sufficient title. While vendees were themselves first in default, as already explained, while they were holding possession of the land by themselves, their tenants or their successors in interest, Pollard, one of the vendees, commenced this litigation March 23, 1923, twenty-one days after the time appointed for performance, to recover damages for breach of contract on the part of vendors. In the same case Wagner, the other vendee, commenced a similar cross-action. Time was not made an essential element of the contract of purchase. Vendees were not required to make the deferred or "final" payment before the furnishing of a proper abstract and a warranty deed. They were protected during the delay. They were in possession, retaining rents and profits. They never restored possession. They continuously received and retained benefits under their contract of purchase until after they brought their actions for damages. They demanded strict performance by vendors before the stipulated time therefor, renounced their own liability while in default and attempted to rescind while in possession without restoring vendors to their former situation. In addition the evidence shows that a tender of a warranty deed and of an abstract showing a good and sufficient title would not have been accepted March 1, 1923. These are circum-

stances under which a delay, like the one disclosed, will not defeat specific performance. *Miller v. Ruzicka,* 109 Neb. 152. Vendees owed the debts for which judgment was rendered. The remedy by foreclosure in equity was properly administered by the district court.

It is further insisted that the decree of foreclosure is erroneous for the reason that a half acre in the southwest quarter had been conveyed to a school district. The use of the half acre for school purposes was obvious to vendees. They procured and retained their possession without objection on that ground. There is nothing in the testimony of witnesses to indicate that the school site had anything to do with the objections to the abstract or with the failure of vendees to perform their contract. For anything appearing in the evidence a school on the premises, available to tenants, may have been an inducement for the purchase. Besides, the abstract shows that the school site will revert to the owner of the fee if abandoned for school purposes. There is no sufficient reason for reversing the judgment below.

AFFIRMED.