# W. J. MOREHART v. C. F. FURLEY.[1]

May 6, 1921.

No. 22,238.

**Defendant waives objection to jurisdiction by presenting counterclaim.**

A defendant may challenge the jurisdiction of the court, and, if his objection is overruled, may answer and defend on the merits without waiving his objection to the jurisdiction. But, if he presents a counterclaim and asks for an affirmative judgment thereon, he invokes the power of the court in his own behalf and thereby submits himself to its jurisdiction.

Action in the district court for Blue Earth county to recover $2,831.55 and to have the court direct that a second mortgage be assigned to plaintiff in the amount of the judgment. The case was tried before Comstock, J., and a jury which returned a verdict in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Hughes & Ellsworth* and *J. A. Baker*, for appellant.

*Ivan Bowen* and *Leroy Bowen*, for respondent.

TAYLOR, C.

Plaintiff alleges in his complaint that he effected the sale of defendant's farm in Blue Earth county, Minnesota, and that defendant agreed to pay him a specified commission therefor. He also alleges that defendant agreed to secure this commission by a mortgage on the land, but failed and refused to do so; that defendant conveyed the land to the purchaser and took back a second mortgage for a part of the purchase price; and that defendant is not a resident of the state of Minnesota, but resides in the state of Nebraska, and has no property in the state of Minnesota except such second mortgage. The relief asked is that plaintiff have judgment for the amount of his commission and that defen-

[1]Reported in 182 N. W. 723.

dant's mortgage be transferred to him "in the amount of said judgment." Plaintiff issued a summons on which the sheriff returned that the defendant could not be found. Plaintiff filed this return and an affidavit for publication of the summons, and then caused the summons to be served on defendant personally in another state, which, under our statute, is equivalent to the publication thereof. Defendant appeared specially for the purpose of the motion only, and moved to set aside the service of the summons on the ground that the court had acquired no jurisdiction over his person or property by such service. The motion was denied by the court. Defendant then interposed an answer in which, after again objecting to the jurisdiction of the court, he not only denied plaintiff's claim for a commission, but alleged that plaintiff had been guilty of fraudulent misconduct while acting as his agent, and that, in consequence thereof, he had been compelled to incur an expense of $350 for which sum, with interest thereon from March 15, 1920, he demanded an affirmative judgment against plaintiff. The trial resulted in a money judgment in favor of plaintiff for the full amount of his claim. Defendant appeals. The only question presented by the bill of exceptions is whether the court had jurisdiction to render the judgment.

We are of the opinion that the attempted service of the summons gave the court no jurisdiction over defendant or his property, but, as the judgment must be affirmed on another ground, it is not necessary to extend this opinion by setting forth the reasons for that conclusion.

Defendant had the right to challenge the jurisdiction of the court, and, when his motion was overruled, he had the right to answer and defend on the merits, without waiving his objection to the jurisdiction. Perkins v. Meilicke, 66 Minn. 409, 69 N. W. 220; May v. Grawert, 86 Minn. 210, 90 N. W. 383; Getty v. Village of Alpha, 115 Minn. 500, 133 N. W. 159. But defendant did not merely defend against plaintiff's claim. He also asserted an affirmative cause of action against plaintiff and asked for an affirmative judgment against him for the amount thereof. By doing so he voluntarily invoked the power of the court in his own behalf and thereby gave the court jurisdiction over him. Thompson v. Greer, 62 Kan. 522, 64 Pac. 48; Shufeldt v. Jefcoat, 50 Okl. 790, 151 Pac. 595; Chandler v. Citizens Nat. Bank, 149 Ind. 601, 49 N. E. 579; Lower v. Wilson, 9 S. D. 252, 68 N. W. 545, 62 Am. St. 865;

Linton v. Heye, 69 Neb. 450, 95 N. W. 1040, 111 Am. St. 556. To hold that a defendant may raise the question of jurisdiction after seeking to recover an affirmative judgment on a counterclaim, would enable him to present and litigate a new cause of action voluntarily, and to bind the plaintiff by the result thereof without being bound thereby himself if the result proved unsatisfactory. He cannot be permitted to speculate on the outcome in any such manner.

Judgment affirmed.