### W. J. MOREHART v. C. F. FURLEY.[1]

June 16, 1922.

No. 23,070.

**Appealable order.**

  1. An order vacating a final judgment is appealable.

**Error to vacate judgment upon verdict, on motion of defendant, when.**

  2. It is error to vacate a money judgment entered upon a verdict at the instance of plaintiff, on the ground that certain equitable claims of plaintiff have not been litigated. Plaintiff can have but one judgment, and, having elected to take a judgment for part of the demands of his complaint, he waives the rest.

**Error to vacate judgment after trial, when.**

  3. It is error to vacate a judgment rendered after a trial, on the ground that the relief granted varies from the demand of the complaint.

**Former appellant not estopped from changing position in subsequent proceeding.**

  4. An erroneous position taken by one party arguendo on a former appeal on an unimportant matter, not a position on which he prevailed, and one the abandonment of which could result in prejudice only to himself, does not foreclose him in subsequent proceedings.

Action in the district court for Blue Earth county to recover $2,831.55, commission on sale of real estate. The case was tried before Comstock, J., and a jury which returned a verdict in favor of plaintiff. From an order vacating the judgment entered on the verdict, plaintiff appealed. Reversed.

*Ivan Bowen, F. E. Morse* and *Leroy Bowen,* for appellant.
*Hughes & Baker,* for respondent.

[1] Reported in 188 N. W. 1001.

HALLAM, J.

Plaintiff brought this action to recover $2,831.55, the amount of real estate commission which he claimed to have earned in negotiating a sale of land for defendant. The complaint alleged that plaintiff negotiated the sale and that the purchaser as part of the purchase price executed to defendant a second mortgage for $8,900. It then alleged that it was agreed that the amount of the commission should constitute a lien upon the land. The complaint demanded judgment for $2,831.55 and interest, and asked that the court decree that said second mortgage be assigned to plaintiff in the amount of said judgment and that the judgment constitute a lien upon the property sold in preference to said mortgage.

1. Defendant resides in Nebraska. At the commencement of this action plaintiff filed a notice of lis pendens upon the land mentioned, and, upon filing an affidavit intended as a basis for substituted service, caused the summons to be served personally on defendant in the state of Missouri. Defendant moved to set aside the service. The motion was denied. Defendant thereupon answered and interposed a counterclaim and in so doing, made a general appearance and thereby gave the court jurisdiction over his person. See Morehart v. Furley, 149 Minn. 56, 182 N. W. 723. The issues of law and fact were noticed for trial by plaintiff and the case came on for trial and a jury was impaneled and sworn. The case was tried and submitted to a jury and a general verdict rendered for plaintiff. On motion of plaintiff judgment was entered upon the verdict December 13, 1920. Defendant appealed to this court from the judgment and the judgment was affirmed May 6, 1921. On April 13, 1922, the court on motion of defendant vacated the judgment. From this order plaintiff appeals.

The order is appealable. Levi v. Longini, 82 Minn. 324, 84 N. W. 1017, 86 N. W. 333.

2. In our opinion the order was erroneous. The reasons given for vacation of the judgment were: (1) That it does not dispose of the issue raised by the allegations of the complaint that it was agreed that the amount due plaintiff should constitute a lien upon

the land; and, (2) that the judgment does not grant the relief prayed for in the complaint.

As to the first proposition, it must be observed that the judgment simply ignored one of plaintiff's affirmative claims. If the judgment had been entered at the instance of defendant without consent of plaintiff, then perhaps plaintiff would have had some ground for complaint. But when plaintiff went through a trial, obtained a verdict and caused a money judgment to be entered, he clearly waived all other claims. There may be both so-called legal and equitable issues tendered by the complaint in an action, but there can be but one judgment; Adamson v. Sundby, 51 Minn. 460, 53 N. W. 761; Cox v. McClure, 73 Conn. 486, 47 Atl. 757; 23 Cyc. 772; and when a plaintiff elects to take a judgment upon part of the demands claimed by him he clearly abandons all of the rest. Hull v. Minneapolis St. Ry. Co. 64 Minn. 402, 67 N. W. 218. After a judgment has been entered and affirmed on appeal there is no warrant in our system of legal procedure for a vacation of the judgment 16 months after its entry on motion of the defendant because the plaintiff did not litigate all of his claims.

3. The position that the judgment may be set aside because the judgment does not grant the relief prayed for in the complaint is not tenable for two reasons: First, the relief that was granted was demanded in the complaint and in no case is it an objection to the judgment that it grants less relief than the complaint demands, and second, while in a default case the prayer for relief in the complaint limits the plaintiff's recovery, in a litigated case it does not do so, but the plaintiff may have any relief consistent with the complaint and within the issues actually tried. G. S. 1913, § 7896.

4. Plaintiff in his brief on the former appeal took the position that there were still further issues to be litigated notwithstanding the rendition of the final judgment. Counsel for defendant argue that plaintiff is now estopped from taking any different position. That matter was not involved on the former appeal. There is nothing in the record before us to show that plaintiff ever took that position in the court below. Particularly there is nothing to indicate that any such position was taken on the hearing in the proceedings which

resulted in the order appealed from. The doctrine of estoppel by inconsistent positions does not apply. The rule that a party who has assumed a particular position in judicial proceedings is thereby precluded from thereafter assuming a position inconsistent therewith is one of somewhat vague application.

It is not necessary here to define the precise limit of the application of the doctrine. Here we have nothing more than an erroneous position taken arguendo on a former appeal on a matter of quite secondary consequence, if material to the issue at all, not a position on which the party prevailed or could prevail, and a position the abandonment of which could result to the prejudice only of the party who assumed it. On no principle can it be said that the fact that plaintiff formerly took such a position determines the rights of either party.

Order reversed.