STATE BANK OF MORRISTOWN,
Plaintiff,

v.

Martin C. LABS, a/k/a, Marty
Labs, Appellant,

Henry Nagel, Respondent.

No. 48267.

Supreme Court of Minnesota.

Jan. 12, 1979.

Greising & Keogh, Waterville, for appellant.

Keating & Carlson, Faribault, for respondent.

Heard before PETERSON, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an appeal by defendant Martin C. Labs from an order of the Rice County District Court granting defendant Henry Nagel's motion for judgment against defendant Labs and from judgment entered on June 7, 1977, in the amount of $3,118.99. We affirm.

On July 1, 1970, plaintiff State Bank of Morristown (hereinafter Bank) served a summons and complaint upon defendant Martin Labs, appellant herein, and on July 2, 1970, the Bank served a summons and complaint upon defendant Henry Nagel, respondent herein. The action was brought to enforce payment of a past due promissory note executed by the parties on or about November 3, 1969.

On July 22, 1970, Nagel mailed to the Bank an answer to the above complaint, a counterclaim against the Bank,[1] and a cross-claim for indemnification against Labs. The same pleadings were served on Labs on July 29, 1970.

Labs did not respond to either summons and complaint, and on October 15, 1970, the district court ordered that, since defendant Labs was in default, judgment be entered for the Bank against Labs. Judgment was entered on October 19, 1970, in the amount of $2,963.47.

The cause of action between the Bank and Nagel proceeded to trial without a jury, and on December 30, 1970, the court ordered judgment for the Bank against Henry Nagel, finding that Nagel had "signed the note as an accommodation maker" and was therefore liable to the Bank.[2] The trial court also ordered judgment for Nagel against Labs, finding that Nagel was "entitled to be indemnified by Martin Labs on the cross-claim for all amounts paid by defendant Nagel to plaintiff." After a hearing on Nagel's motion for amended findings of fact or, in the alternative, a new trial and his objection to the Bank's taxation of costs and disbursements, the judgment for the Bank against Nagel was entered on March 17, 1971, in the amount of $3,308.51.[3]

In November 1976, Nagel issued garnishment summonses to two debtors of Labs. Labs challenged this action on the ground that Nagel was not a judgment creditor of Labs because the judgment for Nagel against Labs had never been entered. Although Nagel had filed affidavits of no answer, of identification, and of nonmilitary status of defendant on January 6, 1971, he had never requested the clerk to enter the judgment against Labs ordered by the court on December 30, 1970. Prompted by Labs' challenge, Nagel requested entry of the judgment, and it was entered by the clerk of court on December 8, 1976, in the amount of $3,308.51. According to the record, which is far from clear on this point,

1. Respondent Nagel raised defenses of lack of consideration, usury and unlawful contract, and failure of the Bank to make presentment, notice of dishonor, and protest. His counterclaim against the Bank alleged failure to make disclosures required by the Consumer Credit Protection Act, 15 U.S.C.A. §§ 1601–1692o (West 1974 & Supp.1978), and Regulation Z, 12 C.F.R. §§ 226.1–.1503 (1978).

2. The court rejected Nagel's defenses and counterclaim.

3. The court denied Nagel's motion for amended findings of fact and his alternative motion for a new trial, but did reduce the amount of attorneys' fees awarded and disallowed certain costs claimed by the Bank.

this amount was entered at the direction (apparently oral) of Nagel's attorney. In late December 1976, Nagel served a notice of motion for order to show cause on Labs, Labs' attorney, and the garnishees.[4] The hearing on this motion was set for January 14, 1977. At that hearing, Labs served a notice of motion to vacate the judgment entered on December 8, 1976, and on January 24, 1977, Labs served notice of motion to dismiss the garnishment summonses issued in November 1976. On February 3, 1977, Nagel issued a garnishment summons to a debtor of Labs. On March 4, 1977, Labs' attorney moved to dismiss this summons, alleging that Nagel did not have a valid money judgment against Labs. On March 25, 1977, the district court granted Labs' motion to dismiss the garnishment summons, reasoning, in part, that because the court did not order a specific money award in favor of Nagel, Nagel did not have a court-ordered judgment that could be enforced by execution.

On March 31, 1977, Nagel served notice of motion for an order entering judgment against Labs in the amount of $2,340.67. This motion was heard on April 18, 1977, and on May 10, 1977, the court ordered that judgment be entered for Nagel against Labs.[5] Upon the filing by Nagel of a bill of costs and disbursements, to which Labs made no objection, judgment was entered for Nagel against Labs on June 7, 1977, in the amount of $3,118.99.[6]

The issues on this appeal are:

1. Where a judgment entered pursuant to an order of the district court against the maker of a promissory note in favor of an accommodation signer fails to state the amount of indemnity due the accommodation signer, is the judgment thereby entered void of itself?

2. Is the entry of a subsequent judgment specifying the amount due a "second" judgment?

3. Can appellant properly raise the defense of laches for the first time on appeal?

 1. In the memorandum accompanying its order of March 25, 1977, the district court stated that "Nagel does not have a Court-ordered judgment which can be enforced by execution, as there is no specific money award in favor of Nagel." Rule 55.01(2), Rules of Civil Procedure, requires that—

"* * * the party entitled to a judgment by default shall apply to the court therefor. * * * If the action be one for the recovery of money only, the court shall ascertain, by a reference or otherwise, the amount to which the plaintiff is entitled, and order judgment therefor."

It is clear from the record that respondent did not comply with this rule when he applied for entry of the judgment entered on December 8, 1976. As a result, that judgment was not enforceable. This court has consistently held, however, that judgments improperly entered by the clerk are not, for that reason alone, void. *Sommers v. Thomas,* 251 Minn. 461, 466, 88 N.W.2d 191, 195 (1958) (citing *Slater v. Olson,* 83 Minn. 35, 85 N.W. 825 (1901)).

 The appropriate remedy for entry of an unauthorized judgment is a motion under Rule 60, Rules of Civil Procedure, to correct the entry. 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 551. Although respondent's motion was not specifically framed as a motion to correct under Rule 60, it was intended to achieve the same result as such a motion. Rule 1, Rules of Civil Procedure, states that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." The rules thus "reflect a well-considered policy to discourage technicalities and form." *Love v. Anderson,* 240

4. Although a hearing was held on January 14, 1977, the district court apparently made no ruling on Nagel's motion.

5. Appellant does not dispute that he was in default by failing to answer respondent's crossclaim within the required time limits.

6. The judgment for the Bank against both defendants was certified as satisfied on January 12, 1977. Nagel had paid $2,440.67 to the Bank.

Minn. 312, 314, 61 N.W.2d 419, 421 (1953). In light of these policies, it was appropriate for the district court to treat respondent's motion as a motion under Rule 60.

■ 2. Appellant's contention that the judgment entered on June 7, 1977, is a "second judgment" and his reliance on *Morehart v. Furley*, 152 Minn. 388, 188 N.W. 1001 (1922), are inapt. The *Morehart* opinion states that once a plaintiff has litigated his claim(s) and entered a judgment, he must abide by that judgment both as to claims he *might* have raised in the action and as to claims actually raised. The plaintiff cannot go back into court to seek judgment on claims that should have been litigated in the original action but that he neglected to pursue. Id. at 390, 188 N.W. at 1001–02. Such is not the case here. Respondent does not seek to litigate issues that should have been raised in the original action. The issue raised by the motion for entry of judgment, the amount to which appellant is entitled, could *not* have been decided in the original action since · that amount depended upon the amount actually paid by appellant to the Bank in satisfaction of the judgment rendered against him. The original judgment for appellant against respondent stated that respondent was entitled to indemnification and that the amount due to respondent would be: "all amounts paid by defendant Nagel to plaintiff." The district court rejected appellant's argument that only one judgment could be entered on behalf of respondent, stating:

"It is perfectly clear that Nagel has not been indemnified by Labs and that no judgment has been entered upon which such indemnification can be satisfied."

Whether this statement means that the judgment entered on December 8, 1976, was, in effect, not a judgment or that that judgment was ineffective because erroneously entered, the judgment entered on June 7, 1977, was not a "second" judgment but at most a correction of an erroneously entered judgment.

As the district court noted,

"[t]his matter involves a long and protracted civil lawsuit which is sorely in need of final resolution."

Labs has engaged in a series of delaying tactics over a period of time to avoid payment of his legal obligation. We agree it should continue no longer. The district court has stated that—

"Defendant Nagel is entitled to a judgment in this matter which would fully indemnify him for money paid to the Plaintiff Bank as provided in previous orders of this Court."

Such a determination promotes "the just, speedy, and inexpensive determination" of the action. The district court had the power under Rules 55 [7] and 60 to order entry of judgment for respondent, and since the court did not abuse its discretion in ordering judgment, its decision will be affirmed.

■ 3. Appellant raises the defense of laches, admittedly for the first time, in this appeal. Laches is an affirmative defense that should be raised in the pleadings, see, Rule 8.03, Rules of Civil Procedure, and cannot be considered for the first time on appeal. Cf., *Swanson v. Domning*, 251 Minn. 110, 119, 86 N.W.2d 716, 723 (1957) (waiver and estoppel are affirmative defenses that must be pleaded and cannot be considered for the first time on appeal). Although appellant submitted no "pleading," he did submit a memorandum to the trial court, in which he argued against respondent's motion for order for judgment. This memorandum is sufficiently analogous to a pleading for the above rule to apply. Further, appellant's failure to raise this defense below prevented development of a record for this court to review. For both of these reasons, the defense of laches need not be considered.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

7. Since the judgment against respondent had been satisfied, the court could determine "the amounts paid" by respondent to the Bank.