NEIGHBORHOOD SCHOOL
COALITION, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 279, Respondent.

No. C0–91–1693.

Court of Appeals of Minnesota.

May 5, 1992.

Review Denied June 30, 1992.

John F. Bonner, III, George R. Serdar, Parsinen, Bowman, & Levy, P.A., Minneapolis, for appellant.

James Knutson, Stephen M. Knutson, Knutson, Flynn, Hetland, Deans & Olsen, P.A., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and SHORT and STONE *, JJ.

## OPINION

SHORT, Judge.

In a declaratory judgment action, Neighborhood School Coalition (Coalition) challenges the assignment of elementary school children to school buildings outside the boundaries of School District No. 279 (District). The trial court dismissed the Coalition's action for lack of subject matter jurisdiction. On appeal, the Coalition argues a declaratory judgment action rather than a writ of certiorari is the proper means of obtaining judicial review of the administrative functions of school boards. We disagree and affirm.

## FACTS

In 1978, the District began leasing an elementary school from a neighboring school district. In 1985, the District leased a second elementary school from another neighboring school district. In late 1989, the District conducted an election on a $20,-000,000 bond issue to, among other things, construct two new elementary schools. The two new elementary schools were scheduled to be open for the 1991–92 school year.

In March 1990, the District formed committees to determine new elementary at-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tendance boundaries. After several public hearings and meetings, the District adopted new attendance areas in February 1991. The new plan included the continued use of the two elementary school buildings outside of the school district.

The Coalition is a non-profit corporation consisting of persons residing in the District. It claims the District premised the 1989 bond issue on a promise that children would attend schools within their census area and would not be transported outside of the district.

### ISSUE

Does the trial court have subject matter jurisdiction in a declaratory judgment action to review a school board's decision to realign attendance areas for elementary school children?

### ANALYSIS

■ On appeal from a dismissal of an action for lack of subject matter jurisdiction, we conduct an independent review of the legal issues presented to the trial court. We do not defer to the trial court's determination of issues of law. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

■ Constitutional principles of separation of governmental powers forbid the interference of one governmental branch with another within their respective spheres. Minn. Const. art. III, § 1. *See State ex rel. Decker v. Montague*, 195 Minn. 278, 288, 262 N.W. 684, 689 (1935). In Minnesota, local authorities are entrusted with setting policies for public schools. *See* Minn.Stat. Chs. 123–129 (1990). As the United States Supreme Court stated in *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228 (1968):

> By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. [Footnote omitted.]

■ The Coalition argues the trial court erred in determining it lacked subject matter jurisdiction in a declaratory judgment action over the District's decision to realign attendance areas. Under the Uniform Declaratory Judgment Act, courts conduct a de novo review of the evidence and are not bound by administrative findings. *See* Minn.Stat. § 555.09 (1990). By contrast, certiorari limits the judiciary's role in reviewing actions of administrative bodies through application of the substantial evidence standard of review. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 414 (Minn. 1981). The Coalition contends review by writ of certiorari is impractical because the District's decision (1) is not quasi-judicial, (2) was made without a hearing or adequate record, and (3) is not a teacher termination situation. We disagree.

First, the District's determination of new attendance boundaries for elementary school children is an administrative decision. Minnesota courts traditionally have extended judicial deference to school board administrative determinations. *Whaley v. Anoka–Hennepin Indep. Sch. Dist. No. 11*, 325 N.W.2d 128, 130–31 (Minn.1982) (deference to the fact finding processes of a school board acting in an administrative capacity). Separation of powers principles dictate a limited review of the District's decision to realign attendance areas. Use of a declaratory judgment action would contravene these constitutional principles.

Second, a hearing is not required before petitioning for certiorari. *See* Minn.Stat. ch. 606 (1990). Review by certiorari is based solely on the record before the school board. *See Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn.1977). While a record is essential, a hearing is not necessarily required.

> [T]here is no statutory or other requirement that there must be a hearing in order to create an adequate record. The burden of making a record, like the burden of proof, falls on the school board. It is the school board's obligation to make a sufficient record to prove its actions were justified. The "record" for judicial review must be the "proceedings" and actions of the board.

*Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 676 (Minn.1990) (emphasis omitted). The District outlined the attendance realignment plan and its reasoning in numerous public meetings. In addition, the minutes of the school board meetings were published in the local paper. While no hearing took place, an adequate record for purposes of appellate review was produced.

Third, the supreme court's holding in *Dokmo* supports our decision. While this is not a teacher termination case, the constitutional principles and practical considerations discussed in *Dokmo* are also compelling here. Unlike the *Dokmo* case, the District's decision on attendance areas does not involve a question of law. *See Dokmo,* 459 N.W.2d at 679 (Wahl, J., dissenting) (whether plaintiff is a substitute teacher within meaning of Minn.Stat. § 125.60, subd. 6a (1990) is a question of law). The Coalition's case involves a policy decision realigning attendance areas for elementary school children. We cannot intervene by de novo review in the resolution of conflicts which arise from the operation of a school system. Further, the certiorari procedure involves a 60–day limitation period, no discovery procedures, and a direct appeal to this court for review of the school board's record. *See* Minn.Stat. Ch. 606 (1990). By contrast, the time to process a declaratory judgment action is lengthy and costly. A school board's controversial policy decision on realignment of attendance areas should not be subject to undue delay. School districts need to make those decisions economically and expeditiously. A declaratory judgment action is not the proper vehicle to challenge the District's decision realigning attendance areas.

## DECISION

Judicial review of a school board's decision to realign attendance areas is appropriate only by a writ of certiorari.

Affirmed.