**FEDERAL–HOFFMAN,
INC., Respondent,**

v.

**Martin L. FACKLER, M.D., Appellant.**

No. C7–95–2588.

Court of Appeals of Minnesota.

June 4, 1996.

Review Denied Aug. 20, 1996.

John P. Borger, Faegre & Benson, Minneapolis, for Respondent.

David M. Gross, St. Louis Park, for Appellant.

Considered and decided by DAVIES, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

DAVIES, Judge.

Appellant, a Florida resident, challenges the district court's denial of his motion to dismiss respondent's deceptive trade practices action for lack of personal and subject matter jurisdiction. We affirm.

## FACTS

Respondent Federal–Hoffman, Inc., claiming that appellant Martin L. Fackler, M.D., has conducted a false, misleading, deceptive, and disparaging campaign against both Federal–Hoffman and its Hydra–Shok ammunition, commenced this action against Fackler for declaratory and injunctive relief under the Uniform Deceptive Trade Practices Act, Minn.Stat. §§ 325D.43–.48 (1994).

In his answer, appellant asserted counterclaims, but also raised objections to both subject matter and personal jurisdiction. Three months after the answer, appellant

moved for dismissal of the main action for lack of jurisdiction. The district court denied his motion, ruling that by asserting counterclaims he waived the objection to jurisdiction. The court also dismissed appellant's counterclaims on the merits. This appeal on all issues followed. A special term panel from this court limited the appeal to the issue of jurisdiction.

## ISSUES

I. Do Minnesota courts have personal jurisdiction over appellant?

II. Is this claim within the subject matter jurisdiction of Minnesota courts?

## ANALYSIS

### I. Personal Jurisdiction .

■ When facts are not disputed, the determination of whether personal jurisdiction exists is a question of law that this court reviews without deference to the trial court. *Stanek v. A.P.I., Inc.*, 474 N.W.2d 829, 832 (Minn.App.1991), *review denied* (Minn. Oct. 31, 1991), *cert. denied*, 503 U.S. 977, 112 S.Ct. 1603, 118 L.Ed.2d 316 (1992).

■ Traditionally, by asserting a counterclaim, a party waived any claim that the court lacked personal jurisdiction. Specifically, where the defendant asserted a counterclaim,

> he voluntarily invoked the power of the court in his own behalf, and thereby gave the court jurisdiction over him. * * * To hold that a defendant may raise the question of jurisdiction after seeking to recover an affirmative judgment on a counterclaim would enable him to present and litigate a new cause of action voluntarily, and to bind the plaintiff by the result thereof without being bound thereby himself if the result proved unsatisfactory. He cannot be permitted to speculate on the outcome in any such manner.

*Morehart v. Furley*, 149 Minn. 56, 57, 182 N.W. 723, 724 (1921) (citations omitted); *see also Peterson v. Eishen*, 512 N.W.2d 338, 340 (Minn.1994) ("[A] defendant submits to the jurisdiction of the court" by taking "some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction."); *Ceminsky v. Mardell*, 385 N.W.2d 888, 891 (Minn.App.1986) (making counterclaim and third-party complaint results in waiver of personal jurisdiction defense), *review denied* (Minn. June 30, 1986). Under these traditional rules, appellant, by asserting three counterclaims, would have waived his personal jurisdiction defense.

Though this stringent rule of waiver survived for many decades, it must now be modified to accord with modern rules of civil procedure. Under Minn. R. Civ. P. 12.02, "No defense * * * is waived by being joined with one or more defenses * * * in a responsive pleading or motion."[1] Furthermore, "[a] party may also state as many separate claims or defenses as the party has *regardless of consistency*." Minn.R.Civ.P. 8.05(b) (emphasis added).

■ In *Johnson Bros. Corp. v. Arrowhead Co.*, 459 N.W.2d 160, 163 (Minn.App.1990), this court used these precepts to conclude that "asserting cross-claims does not waive a properly raised jurisdictional defense." We conclude that under the reasoning of *Johnson Bros.*, appellant did not waive the issue of personal jurisdiction by making his counterclaims.

■ We believe, however, that to preserve a personal jurisdiction argument after asserting a counterclaim in its answer, a responding party is required to act promptly, in order that the jurisdictional issue be timely decided.[2] Appellant failed to do that here. If he had moved promptly, instead of waiting more than three months between his answer and his motion, his jurisdiction argument would have been disposed of a year ago. By

---

1. Minn.R.Civ.P. 12.02 mandates that counterclaims be asserted in any required responsive pleading.

2. *See* Minn.R.Civ.P. 12.08(a) (covering preservation of certain defenses, including lack of personal jurisdiction).

failing to do so, appellant has caused expense[3] and, to some extent, shown a willingness to "invoke[ ] the power of the court in his own behalf." *See Morehart,* 149 Minn. at 57, 182 N.W. at 724. By his inaction, he waived the jurisdictional defense; he forfeited the flexibility of modern pleading recognized by this court in *Johnson Bros.*

## II. Subject Matter Jurisdiction

■ The existence of subject matter jurisdiction is a question of law subject to de novo review on appeal. *Neighborhood Sch. Coalition v. Independent Sch. Dist. No. 279,* 484 N.W.2d 440, 441 (Minn.App.1992), *review denied* (Minn. June 30, 1992).

Appellant argues that subject matter jurisdiction is lacking because: (1) the complaint alleges insufficient facts; (2) his statements are neither disparaging nor defamatory; (3) his statements are protected opinion; and (4) the requested relief is beyond constitutional authority.

■ These are not really jurisdictional arguments, for they do not relate to the question of a court's authority to hear a claim, but relate, rather, to the question of a party's burden of proof. Although appropriate as part of a motion to dismiss for failure to state a claim, a motion for summary judgment, or proceedings after trial concerning the scope of appropriate relief, they do not raise jurisdictional issues.

■ In any event, Minnesota courts have exercised subject matter jurisdiction over similar claims. *See, e.g., Advanced Training Sys. v. Caswell Equip.,* 352 N.W.2d 1 (Minn. 1984) (exercising subject matter jurisdiction in a Uniform Deceptive Trade Practices Act case seeking injunctive relief with respect to allegedly libelous or disparaging material); *State by Spannaus v. Century Camera, Inc.,* 309 N.W.2d 735 (Minn.1981) (exercising subject matter jurisdiction to determine whether particular communications are "commercial speech"). Appellant offers no compelling reasons to ignore this and similar precedent. Accordingly, as a matter of law, subject matter jurisdiction exists.

**3.** Apparently, prior to appellant's motion, respondent served him with two sets of interroga-

## DECISION

The district court correctly denied appellant's motion to dismiss this action for lack of personal and subject matter jurisdiction.

**Affirmed.**

tories and requests for production of documents.