**MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., et al., Relators,**

v.

**BOARD OF EDUCATION OF MINNETONKA INDEPENDENT SCHOOL DISTRICT NO. 276, et al., Stahl Construction Company, Respondents.**

No. C9–97–619.

Court of Appeals of Minnesota.

Aug. 19, 1997.

Petition for Review Denied Aug. 26, 1997.

Gregg J. Cavanagh, Leonard, Street and Deinard, Minneapolis, for relators.

Stephen M. Knutson, Knutson, Flynn, Deans & Olsen, P.A., St. Paul, for respondents Board of Education, et al.

Thomas F. Surprenant, Minnetonka, for respondent Stahl Construction.

Considered at Special Term and decided by TOUSSAINT, C.J., and RANDALL and SCHUMACHER, JJ.

### SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Relators Minnesota Chapter of Associated Builders and Contractors, Inc., et al., challenge respondent Board of Education of Minnetonka Independent School District No. 276's (school board) March 20, 1997, action awarding contracts for a high school construction project. This court questioned whether the school board's action is a "quasi-judicial" decision reviewable by certiorari. The school board moved to discharge the writ of certiorari as untimely and on the ground that relators lack standing.

At a public meeting on September 19, 1996, the school board voted to authorize its construction manager, respondent Stahl Construction Company (Stahl), to enter into a project labor agreement concerning projects to expand the high school and the middle schools in the district. The agreement included provisions for recognition of certain labor organizations as the exclusive bargaining representative for all craft employees on the project; a clause requiring all employees to become union members; a no-strike agreement for the duration of the project; and a requirement that all contractors and subcontractors agree to be bound by the agreement. The school district and Stahl entered into the agreement with the Minneapolis Building and Construction Trades Council, effective October 25, 1996.

In January 1997, relators sued for declaratory and injunctive relief. Relators argued that the requirement that contractors agree to be bound by the project labor agreement violated the statute governing competitive bidding for Minnesota independent school districts. The district court granted the school board's motion to dismiss the action for lack of subject matter jurisdiction. Relators filed both a direct appeal from the judgment of dismissal and this certiorari appeal.

### DECISION

Certiorari will lie to review quasi-judicial acts and proceedings of administrative bodies. *Western Area Business & Civic Club v. Duluth Sch. Bd. Indep. Dist. No. 709,* 324 N.W.2d 361, 364 (Minn.1982). But certiorari is not available when the acts sought to be reviewed are of legislative or administrative character. *Id.*

It is frequently difficult to distinguish among judicial, legislative, and administrative acts. *Id.* at 365. The supreme court has observed that "the phrase 'quasi-judicial act' has sometimes been so broadly defined that

it can be said to include almost any administrative decision based on evidentiary facts." *Meath v. Harmful Substance Compensation Bd.*, 550 N.W.2d 275, 279 (Minn.1996). In *Meath*, the court clarified that "quasi-judicial act" is limited to "those administrative decisions which are based on evidentiary facts and which resolve disputed claims of rights." *Id.*

■ In this case, it is undisputed that the school board's decision to require contractors on the construction projects to be bound by the project labor agreement and the award of contracts for the projects do not constitute "quasi-judicial" acts. The board's actions do not adjudicate any right or obligation of contending parties. Nor is the school board's action analogous to a school closing decision. *See Western Area Business*, 324 N.W.2d at 365 (school board's decision to close a school is "quasi-judicial" because it requires a determination by the board of the necessity and practicability of the closing following notice and hearing).

Relying on *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671 (Minn.1990), respondents argue that all school board decisions are reviewable only by certiorari, regardless of the character of the decision. In *Dokmo*, the court concluded that constitutional separation of powers principles, as well as strong practical reasons, warrant the use of only certiorari to review school board decisions. *Id.* at 677. The opinion does not explicitly address the requirement that certiorari review be limited to administrative decisions that are "quasi-judicial" in nature. *See Honn v. City of Coon Rapids*, 313 N.W.2d 409, 414 (Minn.1981) (certiorari is issued by a court to review the proceedings of a tribunal exercising judicial or quasi-judicial functions); *Sellin v. City of Duluth*, 248 Minn. 333, 337, 80 N.W.2d 67, 70 (1956) (a particular act may be administrative for the purpose of deciding which branch of the government it comes under, but judicial for the purpose of allowing review by certiorari).

*Dokmo* involved the school board's quasi-judicial decision to deny the teacher's request for reinstatement, and the opinion's analysis of the requirement for certiorari review appears to assume that the administrative action is quasi-judicial in nature. *See Dokmo*, 459 N.W.2d at 674 ("[w]hile a school board in the exercise of its power of removal of a teacher is a quasi-judicial body, it does not thereby lose its identity as an administrative body") (quoting *State ex rel. Ging v. Board of Educ.*, 213 Minn. 550, 571, 7 N.W.2d 544, 556 (1942), *overruled in part on other grounds by Foesch v. Independent Sch. Dist. No. 646*, 300 Minn. 478, 485, 223 N.W.2d 371, 375 (1974)). Respondents argue, however, that this court has interpreted *Dokmo* as requiring certiorari review of school board decisions that are not quasi-judicial. *See Neighborhood Sch. Coalition v. Independent Sch. Dist. No. 279*, 484 N.W.2d 440, 442 (Minn. App.1992) (constitutional principles and practical considerations discussed in *Dokmo* compel certiorari review of school board's decision on attendance areas), *review denied* (Minn. June 30, 1992).

More recently, our supreme court has emphasized that certiorari is the proper method to obtain judicial review of the quasi-judicial decisions of administrative bodies, in the absence of an adequate method of review or legal remedy. *See Willis v. County of Sherburne*, 555 N.W.2d 277, 280–81 (Minn.1996) (characterizing *Dokmo* as reiterating the principles governing review of quasi-judicial decisions of executive bodies); *Meath*, 550 N.W.2d at 277 (certiorari unavailable because denial of compensation from the harmful substance compensation account not a quasi-judicial decision); *Dietz v. Dodge County*, 487 N.W.2d 237, 240 (Minn.1992) (county's decision to terminate employee was quasi-judicial in nature, warranting the issuance of writ of certiorari). Because the supreme court has not exempted school board decisions from the fundamental requirement that the decision of the executive body must be quasi-judicial in nature to be reviewable by certiorari, certiorari is not available to review the school board action at issue in this case.

In view of our holding that certiorari is not a proper remedy, we need not address the issues raised in the school board's motion to discharge the writ.

**Writ of certiorari discharged.**